**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MATTHEW ALLEN SARGEANT, SR., Case No. 6:26-bk-05708-TPG
Chapter 13

Debtor. /

MATTHEW ALLEN SARGEANT, SR.,

Plaintiff,

v. Adversary No. 6:26-ap-00150-TPG

SANTANDER CONSUMER USA, INC.
d/b/a CHRYSLER CAPITAL, and
MAC HAIK AUTOMOTIVE GROUP,

Defendants.
/

**DEFENDANT MAC HAIK AUTOMOTIVE GROUP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Mac Haik Automotive Group ("Mac Haik"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b), hereby moves to dismiss—with prejudice—the *Complaint for Rescission, Damages, and Declaratory Relief* (the "Complaint") [Docket No. 1] filed by Plaintiff Matthew Allen Sargeant, Sr.'s ("Plaintiff" or "Debtor"). In support, Mac Haik states as follows:

## I. INTRODUCTION

This is not a new dispute. This is the third adversary proceeding Plaintiff has commenced to litigate claims allegedly arising from the retail installment contract dated September 6, 2023 (the "Contract") for his purchase of a used 2014 Dodge Challenger (the "2014 Dodge") in Georgetown, Texas.

At the end of July 2026, the Court dismissed both prior proceedings and Plaintiff's prior chapter 13 case, *after* Plaintiff failed to amend his adversary complaints or cure his failure to make plan payments.[1] Instead of making plan payments and timely amending his prior complaints, on July 28, 2026, Plaintiff filed a "new" chapter 13 case. Then, on August 11, 2026, Plaintiff filed the instant Complaint which stems from the very same transaction and events the two proceedings he just let be dismissed: the Contract for his 2014 Dodge.

This third time around, Plaintiff recasts the same grievances about the Contract for his 2014 Dodge purchase across six causes of action in the Complaint, most of them grounded in Texas statutory and common law. None stating a claim upon which relief can be granted.

As redress, the Complaint now seeks $250,000, plus treble, emotional distress, and 401(k) loss damages, along with recission of the Contract, release of the lien, surrender of the title, and a judgment determining "the debt owed to Defendants" is nondischargeable under § 523(a)(2)(A).

Even recasting with the Complaint's wider net, Plaintiff still fails to state any conceivable claim of relief arising from the Contract for the 2014 Dodge. As shown below, the claim expressly subject to a fixed statutory limitations period, Count Three under the Texas Deceptive Trade Practices Act ("DTPA"), is time-barred on the face of the Complaint. Count Five, which seeks a non-dischargeability determination against "Defendants" collectively, fails to state a claim against Mac Haik because Mac Haik has not asserted a claim against the Plaintiff. And Plaintiff's renewed request that the Court take judicial notice of a default entered in a since-dismissed prior proceeding, and enter default judgment against Mac Haik on that basis, is procedurally improper and should be denied.

[1] *See* Order Granting Motion to Dismiss Case (Doc. No. 41, Case No. 6:26-bk-01759-TPG); Order Dismissing Adversary Proceeding (Doc. No. 11, Adv. No. 6:26-ap-00060-TPG); and Order Dismissing Adversary Proceeding (Doc. No. 14, Adv. Pro. 6:26-ap-00116-TPG).

The Complaint is fatally flawed. Its defects are not technical pleading failures that can be cured with another draft. Plaintiff's claims fail because they are legally defective: he seeks relief in a court that lacks jurisdiction over his state-law claims, pursues a § 523 claim against a party that does not owe him a debt, relies on a default from a dismissed adversary proceeding that has no legal effect, and asserts claims that are barred by limitations based on his own allegations. Mac Haik does not owe Plaintiff a debt, and any conceivably remaining claims are barred by limitations based on the facts alleged. Those problems cannot be solved by adding more allegations.

The Court has already given Plaintiff the chance to fix his claims. He did not. Dismissals followed. Plaintiff then got another opportunity to plead a viable case here and again failed to do so. The problem is not the pleading. The problem is the claims. Their defects cannot be cured by amendment. Further leave to amend would be futile, and the Complaint should be dismissed with prejudice.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Transaction

1. Plaintiff alleges that on or about September 6, 2023, he and a co-signer, Tina Cheatham, executed a retail installment contract with Mac Haik in Georgetown, Texas for the purchase of a used 2014 Dodge Challenger. Compl. ¶ 12. Plaintiff and Ms. Cheatham resided in Round Rock, Texas at the time. *See* Compl., Ex. B–D (denial letters addressed to 404 Rawhide Loop, Round Rock, TX 78681). Plaintiff alleges that financing had not been approved at the time of signing, Compl. ¶¶ 14–17, and that after delivery he discovered an ancillary service contract had been added without his authorization, prompting him to seek to unwind the transaction within approximately two weeks of signing. Compl. ¶ 21. Mac Haik provided a "Customer DEAL UNWIND Agreement," which Plaintiff signed, but which Mac Haik allegedly never

countersigned, and the parties dispute whether and how the unwind was completed over the following weeks. Compl. ¶¶ 22–31, Ex. A, E.

2. The Complaint further alleges that Santander is "the assignee and holder of the retail installment contract at issue," Compl. ¶ 10, confirming that Mac Haik, as the originating dealer, transferred its interest in the contract to Santander in the ordinary course, as reflected in the Federal Trade Commission Holder Rule notice attached as Exhibit F to the Complaint.

**B. Prior Proceedings and Dismissals**

3. Plaintiff acknowledges that he previously filed two adversary proceedings in his prior chapter 13 case against these same Defendants arising from this same transaction — Adv. No. 6:26-ap-00060-TPG and Adv. No. 6:26-ap-00116-TPG — and that both were dismissed without prejudice for lack of jurisdiction following dismissal of the underlying bankruptcy case then pending. Compl. ¶ 3. Plaintiff alleges that in the second of those proceedings, Case No. 6:26-ap-00116-TPG, the Clerk entered a default against Mac Haik, and he now asks this Court to take judicial notice of that default and enter default judgment against Mac Haik in this proceeding. Compl. ¶ 4.

**C. The Instant Complaint**

4. Plaintiff filed a new voluntary Chapter 13 petition, Case No. 6:26-bk-05708-TPG, and then commenced this adversary proceeding on August 11, 2026, asserting six counts: (I) violation of Texas Finance Code § 348.013 (conditional delivery agreements); (II) fraudulent inducement; (III) violation of the Texas DTPA; (IV) violation of the FTC Holder Rule, 16 C.F.R. § 433.1 (asserted against Santander); (V) a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A); and (VI) breach of contract (the Deal Unwind Agreement). Compl. ¶¶ 41–

73. Plaintiff seeks $250,000 or an amount to be determined by the Court, plus treble damages under the DTPA, attorney's fees, and declaratory and injunctive relief. Compl. at VII and VIII.

## III. STANDARD OF REVIEW

5. Federal Rule of Civil Procedure 12(b)(6), incorporated by Federal Rule of Bankruptcy Procedure 7012(b), permits dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept well-pled factual allegations as true, it need not accept legal conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Dismissal is likewise appropriate where the complaint's own allegations and attached exhibits establish an affirmative defense, such as the running of a statute of limitations, on the face of the pleading. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding that a Rule 12(b)(6) dismissal on limitations grounds is appropriate when it is apparent from the face of the complaint that the claim is time-barred); Fed. R. Civ. P. 10(c) (exhibits attached to a pleading are part of it for all purposes).

## IV. ARGUMENT

### A. Counts I, II, III, and VI Are Non-Core State-Law Claims That Neither Arise Under Nor Arise in a Case Under Title 11, and the Bankruptcy Court Lacks Subject-Matter Jurisdiction Over Them

6. Counts I, II, III, and VI of the Complaint assert claims arising solely under Texas law and based entirely on the parties' prepetition purchase of a used 2014 Dodge Challenger in Georgetown, Texas. Specifically, Plaintiff asserts claims under Texas law for conditional delivery, fraudulent inducement, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of an alleged Deal Unwind Agreement. None of these claims arises under the Bankruptcy

Code, arises in a case under Title 11, or depends upon any substantive right created by federal bankruptcy law.

7. The claims therefore are non-core state-law claims. A proceeding "arises under" Title 11 only where the cause of action is created or determined by a specific provision of the Bankruptcy Code. Likewise, a proceeding "arises in" a case under Title 11 only where the proceeding is one that, by its nature, could arise only in the context of a bankruptcy case. See, e.g., *Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 275 (M.D. Fla. 2002). None of Plaintiff's state-law causes of action satisfies either test.

8. Nor are Counts I, II, III, and VI transformed into bankruptcy claims merely because Plaintiff is presently a debtor in a Chapter 13 case. The operative facts giving rise to these claims occurred before the bankruptcy filing and concern a transaction between Texas residents and a Texas automobile dealership. Plaintiff does not allege that Mac Haik violated any provision of the Bankruptcy Code or that resolution of these claims requires interpretation or application of federal bankruptcy law. Indeed, the same claims could have been asserted against Mac Haik in a non-bankruptcy forum regardless of whether Plaintiff ever filed for bankruptcy.

9. The claims likewise do not become matters within the Bankruptcy Court's jurisdiction simply because Plaintiff has attempted to plead one count as a request for non-dischargeability under 11 U.S.C. § 523(a)(2)(A). The jurisdictional inquiry turns on the substance of the claims asserted against Mac Haik, not on Plaintiff's attempt to recast an otherwise independent state-law dispute as a bankruptcy matter. Counts I, II, III, and VI seek relief based on alleged conduct surrounding the vehicle transaction and do not depend upon the existence of the Chapter 13 case.

10. Accordingly, these claims do not "arise under" or "arise in" a case under Title 11 and therefore are not within the Bankruptcy Court's core jurisdiction. *See* 28 U.S.C. § 157(b)(1). More fundamentally, because these claims are not matters arising under Title 11 or arising in a case under Title 11, they fall outside the Bankruptcy Court's subject-matter jurisdiction under 28 U.S.C. § 1334. At most, Plaintiff could contend that the claims are "related to" the bankruptcy case because a judgment in Plaintiff's favor might affect the bankruptcy estate. But that argument also fails where the Debtor's filed proposed Chapter 13 plan does not provide for the distribution of any proceeds of this action.

11. The "related to" jurisdiction recognized under 28 U.S.C. § 1334(b) is not unlimited. The Eleventh Circuit has explained that a proceeding is "related to" a bankruptcy case only where the outcome of the proceeding could conceivably have an effect on the estate. *See In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (applying the "Pacor" test). Here, Plaintiff's claims against Mac Haik are based exclusively on prepetition conduct and do not involve property of the bankruptcy estate, administration of the estate, allowance or disallowance of a claim against the estate, or any other substantive bankruptcy issue.

12. Moreover, Mac Haik has not filed a proof of claim in the Chapter 13 case and is not seeking any distribution from the bankruptcy estate. Thus, this is not a dispute concerning the allowance, amount, or priority of a claim against the estate. It is an independent dispute between Plaintiff and a Texas automobile dealership concerning a prepetition automobile transaction. The mere possibility that a judgment could provide Plaintiff with funds that might ultimately become property of the estate does not convert the underlying state-law dispute into a bankruptcy matter.

13. Because Counts I, II, III, and VI neither arise under Title 11 nor arise in a case under Title 11, and because they lack the requisite connection to the bankruptcy estate to support

"related to" jurisdiction, this Court lacks subject-matter jurisdiction over those claims against Mac Haik. The claims therefore should be dismissed. Alternatively, to the extent the Court determines that "related to" jurisdiction exists, the claims are non-core proceedings over which Mac Haik does not consent to final adjudication by the Bankruptcy Court, and any disposition must comply with the limitations imposed by 28 U.S.C. § 157(c).

14. Mac Haik expressly does not consent to the entry of final orders or judgment by the Bankruptcy Court with respect to these state-law claims. If the Court determines that it possesses "related to" jurisdiction, Mac Haik respectfully requests that the Court treat the claims as non-core proceedings and either enter proposed findings of fact and conclusions of law for review by the District Court pursuant to 28 U.S.C. § 157(c)(1), or abstain from exercising jurisdiction as discussed below.

**B. Count Three Is Barred by the Applicable Two-Year Statute of Limitations, and Plaintiff's Tolling and Discovery-Rule Allegations Do Not Save the Claim**

15. A private DTPA action "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Tex. Bus. & Com. Code § 17.565. The Complaint alleges that the conduct underlying Count Three—including Mac Haik's alleged misrepresentation that financing was approved, alleged concealment of the credit denials, and alleged failure to complete the unwind—occurred between September 6, 2023, the date of the transaction, and, at the latest, late October 2023, when the last of the text-message exchanges regarding the unwind and the new deal took place. Compl. ¶¶ 12–31, Ex. E. Two years from even the latest of those dates expired no later than the fall of 2025—approximately ten months before Plaintiff filed this Complaint on August 11, 2026.

16. Plaintiff's own allegations establish that he had actual notice of the facts giving rise to his DTPA claim well within the limitations period. Plaintiff alleges that he discovered the unauthorized ancillary product "approximately two weeks after the signing" and "immediately requested that the transaction be 'unwound' and rescinded." Compl. ¶ 21. He further alleges that he then engaged in "an unbroken chain of communications" with Mac Haik for more than a month in September and October 2023 concerning the status of the unwind, repeatedly pressing Mac Haik for answers. Compl. ¶¶ 29–31, Ex. E.

17. These allegations establish, on the face of the Complaint, that Plaintiff was aware of the conduct he now characterizes as deceptive by no later than October 2023—more than two years and nine months before he commenced this action. Accordingly, Count Three is time-barred unless Plaintiff's tolling or discovery-rule allegations are sufficient to avoid the limitations bar.

18. They are not. Plaintiff attempts to avoid the limitations period by alleging that his claims are subject to equitable tolling and the discovery rule because Defendants "fraudulently concealed" that financing had been denied before he signed the contract. Compl. ¶¶ 34–40. But equitable tolling based on fraudulent concealment requires a plaintiff to plead, with particularity, that the defendant actively concealed the wrongdoing and that the plaintiff could not have discovered it through the exercise of reasonable diligence. *See Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927–30 (Tex. 2011).

19. Plaintiff cannot satisfy that standard based on his own allegations. Plaintiff alleges that he discovered the unauthorized ancillary product within approximately two weeks of signing and immediately sought to unwind the transaction. Compl. ¶ 21. He then alleges that he engaged in repeated communications with Mac Haik for more than a month regarding the transaction and its attempted unwind. Compl. ¶ 29. A plaintiff who is actively disputing a transaction with the

seller cannot simultaneously contend that he had no reason to investigate the circumstances surrounding that transaction.

20. Nor does Plaintiff's allegation that he did not appreciate the "legal significance" of the denial letters he received in September and October 2023, Compl. ¶ 20, delay accrual of his claim. The discovery rule turns on when a reasonably diligent plaintiff would have discovered the wrongful act, not when the plaintiff recognized its potential legal consequences. *See Shell Oil,* 356 S.W.3d at 929–30. Because Plaintiff's own allegations establish that he knew of the operative facts more than two years before filing suit, the Complaint establishes that Count Three is time-barred. Count Three should therefore be dismissed with prejudice

### C. Count Five Fails to State a Claim Against Mac Haik Because Mac Haik Is Not Alleged to Hold a Debt Owed by Plaintiff

21. Count Five seeks a determination that "the debt owed to Defendants" is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Compl. ¶¶ 63–67. Section 523(a)(2)(A) excepts from discharge "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." By its terms, § 523 operates on a debt owed by the debtor to the party seeking the nondischargeability determination. A debtor cannot seek to except the debtor's own affirmative claims against a creditor or third party from discharge.

22. Here, the Complaint specifically alleges that Santander, not Mac Haik, is "the assignee and holder of the retail installment contract at issue." Compl. ¶ 10. The FTC Holder Rule notice attached to the Complaint as Exhibit F likewise reflects that the contract was assigned away from the originating dealer in the ordinary course.

23. Mac Haik is therefore not alleged to hold any remaining debt owed by Plaintiff. Nor does the Complaint identify any separate obligation running from Plaintiff to Mac Haik.

Because Mac Haik holds no claim against Plaintiff's bankruptcy estate, there is no "debt owed to" Mac Haik for this Court to except from discharge. Count Five accordingly fails to state a claim against Mac Haik as a matter of law and should be dismissed with prejudice as to Mac Haik

24. To the extent Plaintiff intended Count Five to run only against Santander, the count should likewise be dismissed as to Mac Haik to avoid confusion and to narrow the proceeding to the party Plaintiff actually alleges holds the debt.

### D. Plaintiff Cannot Obtain Default Judgment in This Proceeding Based on a Clerk's Default Entered in a Prior, Dismissed Adversary Proceeding

25. Plaintiff asks this Court to "take judicial notice" of a clerk's default entered against Mac Haik in Adversary No. 6:26-ap-00116-TPG and to "enter default judgment against Mac Haik" in this proceeding based on that prior clerk's default. Compl. ¶ 4. That request should be denied.

#### *a. The Clerk's Default Entered in the Prior Adversary Proceeding Has No Continuing Legal Effect in This Proceeding.*

26. Plaintiff alleges that Adversary No. 6:26-ap-00116-TPG was itself "dismissed without prejudice solely due to lack of jurisdiction following dismissal of the underlying bankruptcy case." Compl. ¶ 3. The prior adversary proceeding was therefore terminated in its entirety. A clerk's default entered as a procedural step in that proceeding does not constitute a freestanding judgment that may be carried forward into a separately commenced adversary proceeding in a separately commenced chapter 13 case. Indeed, a court that lacks subject-matter jurisdiction lacks the power to adjudicate the merits of the dispute.

27. The present adversary proceeding bears separate adversary and bankruptcy case numbers, and is governed by its own requirements concerning service, responsive pleadings, and defenses under Fed. R. Bankr. P. 7004 and 7012(a). Plaintiff cannot avoid those requirements by importing a procedural clerk's default from a previously dismissed proceeding.

***b. Default Judgment Is Independently Unavailable Because Mac Haik Has Appeared and Is Defending This Proceeding.***

28. Entry of a default under Fed. R. Civ. P. 55(a), made applicable by Fed. R. Bankr. P. 7055, requires that the defendant have "failed to plead or otherwise defend" in the proceeding in which the default is sought. Mac Haik has appeared in this proceeding and is timely defending through the filing of this Motion.

29. There has been no failure by Mac Haik to plead or otherwise defend this action. Accordingly, regardless of whether the Court takes judicial notice that a clerk's default was entered in the prior proceeding, there is no basis under Rule 55 for entry of a default or default judgment against Mac Haik in this proceeding.

**E. Alternatively, the Court Should Abstain From Hearing the Texas State-Law Claims or Transfer the Proceeding to a Texas Forum**

30. If any of Counts I, II, III, or VI survive the foregoing arguments, the Court should abstain from hearing those claims under 28 U.S.C. § 1334(c) and permit Plaintiff to pursue them, if at all, in a Texas forum of competent jurisdiction. The claims present a predominantly state-law dispute concerning a transaction that occurred entirely in Texas and have only a limited connection to the administration of Plaintiff's Chapter 13 bankruptcy estate.

***a. Permissive Abstention Is Warranted Under § 1334(c)(1).***

31. Section 1334(c)(1) permits a court to abstain from hearing a particular proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." Courts consider a range of factors in determining whether permissive abstention is appropriate, including the extent to which state-law issues predominate; the difficulty or unsettled nature of the applicable state law; the presence of related proceedings in state court; the existence of an independent basis for federal jurisdiction; the degree of relatedness of the proceeding to the main

bankruptcy case; the feasibility of severing state-law claims; the burden on the bankruptcy court's docket; the presence of nondebtor parties; and whether a jury trial has been requested. *See*, *e.g.*, *Brown v. JP Morgan Chase Bank, N.A.*, 526 B.R. 882 (M.D. Fla. 2013); *In re Ohlsson*, 565 F. Supp. 3d 1235 (M.D. Fla. 2021).

32. Those factors strongly favor abstention here. Four of the six counts asserted in the Complaint arise exclusively under Texas statutory or common law. Counts I, II, III, and VI concern the Texas Finance Code, fraudulent inducement, the Texas DTPA, and breach of the Deal Unwind Agreement. The transaction occurred entirely in Georgetown, Texas, at a Texas dealership, and Plaintiff and his co-signer were Texas residents at the time. Compl. ¶¶ 12, 41–46, 47–51, 52–57, 68–73.

33. The dispute also has a limited connection to the administration of the Chapter 13 estate. Mac Haik is a non-debtor third party and, as discussed above, is not alleged to hold a claim against Plaintiff's bankruptcy estate. The claims therefore present a two-party Texas commercial dispute that happens to have been brought by a Chapter 13 debtor. Resolution of those claims does not require the Court to determine the validity or allowance of a claim filed by Mac Haik or otherwise resolve a dispute central to the administration of the bankruptcy estate.

34. The geographic and legal nexus to Texas further weighs heavily in favor of abstention. The relevant transaction occurred in Texas, the dealership is located in Texas, and the witnesses and business records relevant to the transaction are located there. Texas courts have a substantial interest in resolving disputes concerning Texas consumer-protection statutes, Texas installment-sale law, and contracts governed by Texas law. The Middle District of Florida has repeatedly recognized that abstention may be appropriate where a bankruptcy adversary proceeding principally concerns state-law rights arising from transactions and proceedings

centered in another state. *See Southerland v. Smith*, 142 B.R. 980 (M.D. Fla. 1992); *Brown*, 526 B.R. 882.

35. Plaintiff has also demanded a jury trial on all triable issues. Compl. at 13; Adversary Proceeding Cover Sheet. That demand further counsels against retaining the dispute in the Bankruptcy Court, particularly where Mac Haik has expressly withheld its consent to final adjudication by the bankruptcy judge. *See* 28 U.S.C. § 157(e).

36. Finally, the state-law claims are readily severable from any bankruptcy-specific relief. Retaining the claims would require this Court to adjudicate a predominantly Texas-law dispute with little connection to the administration of the Chapter 13 estate. Abstention would therefore promote comity, conserve judicial resources, and permit the dispute to be resolved by a court with a more direct connection to the governing law and underlying transaction.

37. The circumstances here are substantially analogous to *Southerland v. Smith*, 142 B.R. 980 (M.D. Fla. 1992), where the Middle District of Florida affirmed abstention from a Chapter 13 debtor's adversary proceeding involving claims arising from an out-of-state dispute. A Texas state-law dispute arising from a Texas transaction and brought against a Texas corporation in a Florida bankruptcy court presents precisely the type of proceeding for which permissive abstention is appropriate.

***b. Mandatory Abstention May Independently Apply.***

38. Section 1334(c)(2) requires abstention, upon timely motion, where a proceeding (i) is based on a state-law claim; (ii) is "related to" but does not "arise under" or "arise in" a case under title 11; (iii) could not have been commenced in federal court absent § 1334 jurisdiction; and (iv) can be timely adjudicated in a state forum of appropriate jurisdiction.

39. Counts I, II, III, and VI satisfy the first two requirements for the reasons set forth above. Mac Haik reserves the issue of mandatory abstention pending confirmation of whether an

independent basis for federal jurisdiction—such as diversity of citizenship between Plaintiff and Defendants—exists apart from the bankruptcy case, and pending confirmation that the claims may be timely adjudicated in a Texas state forum.

40. Regardless of whether mandatory abstention ultimately applies, however, the factors discussed above independently establish that permissive abstention under § 1334(c)(1) is warranted.

***c. Alternatively, the Court Should Transfer the Proceeding to the Western District of Texas.***

41. If the Court declines to abstain, Mac Haik respectfully requests, in the alternative, that the Court transfer this proceeding to the United States Bankruptcy Court for the Western District of Texas pursuant to 28 U.S.C. § 1412.

42. The Western District of Texas is the substantially more appropriate forum for this dispute. The underlying transaction occurred in Texas; Mac Haik is a Texas dealership; the relevant dealership records and witnesses are located in Texas; and Plaintiff's co-signer, Tina Cheatham, was a Texas resident. The claims are governed predominantly by Texas law and concern conduct occurring in Texas.

43. Transfer would therefore place the proceeding in the forum with the strongest factual and legal connection to the dispute and would facilitate the efficient presentation of evidence and application of Texas law. Accordingly, if the Court does not dismiss or abstain, transfer to the Western District of Texas is an appropriate alternative form of relief.

44. Mac Haik raises its abstention and transfer requests in the alternative and does not concede, and expressly reserves all arguments concerning, personal jurisdiction, venue, and service of process, including the effect of nationwide service of process under Fed. R. Bankr. P. 7004(d) and (f).

## V. CONCLUSION

For the foregoing reasons, Defendant Mac Haik Automotive Group respectfully requests that the Court enter an order:

1. Determining that Counts I, II, III, and VI are non-core state-law claims that neither arise under nor arise in a case under Title 11, and the Bankruptcy Court lacks subject-matter jurisdiction over them;
2. Dismissing Count III with prejudice because Plaintiff's Texas Deceptive Trade Practices Act claim is barred by the applicable two-year statute of limitations;
3. Dismissing Count V with prejudice as to Mac Haik because Plaintiff has not alleged the existence of any debt owed to Mac Haik that could be determined nondischargeable under 11 U.S.C. § 523(a)(2)(A);
4. Denying, with prejudice, Plaintiff's request for judicial notice of, and entry of default judgment based upon, the clerk's default entered in the prior, dismissed adversary proceeding, because that prior default has no continuing legal effect in this proceeding and Mac Haik has appeared and is timely defending this action;
5. Alternatively, abstaining from hearing Counts I, II, III, and VI pursuant to 28 U.S.C. § 1334(c) and permitting Plaintiff to pursue any surviving claims in a Texas forum of competent jurisdiction;
6. Alternatively, transferring this proceeding to the United States Bankruptcy Court for the Western District of Texas pursuant to 28 U.S.C. § 1412; and
7. Granting Mac Haik such other and further relief as the Court deems just and proper.

Dated: September 11, 2026

Respectfully submitted,

*/s/ Lauren L. Stricker*

**Lauren L. Stricker**
Florida Bar No. 91526
lauren.stricker@hwhlaw.com
phil.khezri@hwhlaw.com
kathy.korson@hwhlaw.com
**HILL, WARD & HENDERSON, P.A.**
101 East Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Telephone: (813) 221-3900
*Counsel for Defendant Mac Haik Automotive Group*