**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In Re:** | |
| **MATTHEW ALLEN SARGEANT** | **Case No. 6:26-bk-05708** |
| **Debtor.** | **Chapter 13** |
| **MATTHEW ALLEN SARGEANT** | **Adv. Pro. No. 6:26-ap-00150-TPG** |
| **Plaintiff,** | |
| **v.** | |
| **SANTANDER CONSUMER USA INC. dba CHRYSLER CAPITAL, and** | |
| **MAC HAIK AUTOMOTIVE GROUP,** | |
| **Defendants.** | |

**MOTION TO DISMISS AND ANSWER AND DEFENSES IN THE ALTERNATIVE**

Defendant Santander Consumer USA Inc. dba Chrysler Capital ("Chrysler Capital" or "Defendant"), through its undersigned counsel and pursuant to Rule 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, moves to dismiss the Complaint filed by Matthew Allen Sargeant ("Plaintiff") for failure to state a claim upon which relief can be granted and submits, in the alternative, its answer to the Complaint. Plaintiff has filed three adversary proceedings arising from the September 6, 2023 retail installment contract. The prior proceedings were dismissed without prejudice: the first on Defendant's motion to dismiss; the second after the underlying bankruptcy case was dismissed. Plaintiff has now commenced a new Chapter 13 case and filed the

present adversary proceeding. Although the Complaint adds claims and exhibits, it still fails to state a cognizable claim against Defendant. As explained in the accompanying Memorandum of Law, Defendant requests dismissal with prejudice as to defects that cannot be cured and otherwise requests dismissal without further leave to amend where amendment would be futile.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice where the asserted defects are legal and cannot be cured, including the claim under 11 U.S.C. § 523(a)(2)(A) and any claim premised on treating Defendant as a party to the Deal Unwind Agreement; that any remaining claims be dismissed without further leave to amend to the extent the Court finds amendment futile; that Defendant recover fees and costs only to the extent authorized by contract, statute, rule, or other applicable law; and that the Court grant such other and further relief as justice requires.

Dated: September 15, 2026

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Armando Nozzolillo*
Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900 (telephone)
(704) 331-4955 (facsimile)
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
Tina.Washington@wbd-us.com

*Attorneys for Movant*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In Re:** | |
| **MATTHEW ALLEN SARGEANT** | **Case No. 6:26-bk-05708** |
| **Debtor.** | **Chapter 13** |
| **MATTHEW ALLEN SARGEANT** | **Adv. Pro. No. 6:26-ap-00150-TPG** |
| **Plaintiff,** | |
| **v.** | |
| **SANTANDER CONSUMER USA INC. dba CHRYSLER CAPITAL,** **and** | |
| **MAC HAIK AUTOMOTIVE GROUP,** | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND ANSWER AND DEFENSES IN THE ALTERNATIVE**

Now comes Santander Consumer USA Inc. dba Chrysler Capital ("Chrysler Capital" or "Defendant"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012 and hereby moves to dismiss the Complaint filed by Plaintiff Matthew Allen Sargeant ("Plaintiff") for failure to state a claim upon which relief may be granted. To the extent the Court requires a responsive pleading before ruling on dismissal, Defendant answers the Complaint in the alternative without waiving any defenses. In support of the Motion to Dismiss and alternative Answer, Defendant states as follows:

## INTRODUCTION

Plaintiff has now filed his third adversary proceeding arising from the September 6, 2023 retail installment contract. In the first adversary proceeding, Adv. Pro. No. 6:26-ap-00060-TPG, the Court dismissed the claims without prejudice on Defendant's motion to dismiss. In the second adversary proceeding, Adv. Pro. No. 6:26-ap-00116-TPG, Plaintiff added Mac Haik Automotive Group ("Mac Haik") as a co-defendant, and that proceeding was dismissed without prejudice after the underlying bankruptcy case was dismissed. The present Complaint reinstates the dispute in a new Chapter 13 case and adds new theories and exhibits.

The present adversary proceeding asserts six counts: (I) violation of Texas Finance Code § 348.013; (II) fraudulent inducement; (III) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (IV) the Federal Trade Commission Holder Rule; (V) nondischargeability under 11 U.S.C. § 523(a)(2)(A); and (VI) breach of contract based on a "Customer Deal Unwind Agreement." The Contract remains the September 6, 2023 retail installment contract for the 2014 Dodge Challenger, VIN: 2C3CDYAG0EH281803.

Plaintiff seeks $250,000, including rescission, treble damages, release of Defendant's lien, surrender of title, a nondischargeability determination, alleged 401(k) losses, and emotional-distress damages. The expanded pleading still fails to state a cognizable claim against Defendant because the direct misconduct alleged is attributed to Mac Haik, the asserted limitations defenses are not plausibly tolled as to Defendant, and the Holder Rule neither creates an independent cause of action nor permits monetary recovery beyond amounts paid under the Contract.

## LEGAL STANDARD

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A claim is facially plausible when a plaintiff pleads facts that allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a motion to dismiss, the Court assumes well-pleaded factual allegations are true and determines whether, read together, they plausibly give rise to an entitlement to relief. *Id.* A court need not accept legal conclusions couched as factual allegations or conclusory allegations unsupported by facts. *Id.* Although pro se pleadings are construed liberally, a pro se plaintiff must still comply with procedural rules and plead sufficient facts to state a plausible claim. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

To the extent Plaintiff alleges fraud or fraudulent inducement, Rule 9(b) requires that such allegations be pled with particularity. Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009. A plaintiff alleging fraud must plead the who, what, when, where, and how of the alleged misrepresentation.

## ARGUMENT

### I. THE TEXAS FINANCE CODE § 348.013 CLAIM DOES NOT REACH DEFENDANT

Count I should be dismissed because the Complaint and its exhibits establish that Plaintiff executed a retail installment contract on September 6, 2023, the same date as the conditional delivery agreement. Section 348.013 addresses the consequences when the parties do not subsequently enter into a retail installment contract within the conditional-delivery period. Plaintiff's own exhibit therefore contradicts the allegation that the conditional delivery agreement remained operative beyond fifteen days or triggered a statutory duty to return the down payment. In addition, Defendant was not the retail seller charged with the statutory duties alleged in Count

I. Section 348.013 imposes those obligations on the "retail seller" not on an assignee or finance company. Defendant is not the retail seller.

The Complaint identifies Mac Haik as the retail seller and alleges that Mac Haik allowed delivery and failed to return the down payment *(*Compl. ¶¶ *11–12*, 41–46). It does not allege that Defendant was a party to any conditional delivery agreement or controlled the delivery of the Vehicle. Defendant therefore had no obligation under § 348.013 to limit the conditional-delivery period or return the down payment.

The FTC Holder Rule does not make Defendant the "retail seller" or independently impose the statutory duties assigned to Mac Haik. It may permit Plaintiff to assert against Defendant a viable claim arising from the seller's conduct, subject to the Rule's substantive and remedial limits. Here, however, the Complaint and its exhibits do not plausibly allege an underlying violation of § 348.013 because the parties executed the retail installment contract on the same date as the Conditional Delivery Agreement.

Plaintiff cannot circumvent the absence of any alleged statutory duty by asserting that Defendant purchased or funded the Contract. The Complaint pleads no facts showing that Defendant violated § 348.013 or caused the alleged failure to return the down payment.

Count I should therefore be dismissed as to Defendant.

## II. THE COMPLAINT FAILS TO STATE A FRAUD CLAIM AGAINST DEFENDANT

Count II alleges fraudulent inducement in paragraphs 47 through 51. Plaintiff's Rule 9(b) particularity table in paragraph 48 does not identify Defendant as the alleged wrongdoer: every entry in the "Who" column identifies representatives, agents, or employees of Mac Haik. The "What," "Where," "How," and "Why False" allegations likewise concern Mac Haik's conduct.

The specific fraud allegations—the alleged concealment of the September 5, 2023 denial letter, the alleged packing of the $1,466.00 service contract, the alleged lulling scheme, and the Deal Unwind Agreement—are all directed at Mac Haik, not Defendant. Plaintiff does not allege that Defendant made any misrepresentation to him, communicated with him before the Contract was executed, prepared or controlled the allegedly deceptive sales documents, or directed Mac Haik's conduct.

The September 5 denial letter does not alter that result. An initial adverse-action notice followed by a funded contract, potentially on different terms or with a co-signer, is not inherently fraudulent on the assignee's part. The Complaint does not allege that the letter was false, that Defendant concealed it from Plaintiff, or that Defendant made any representation inconsistent with the Contract.

To the extent Plaintiff invokes the FTC Holder Rule, the Rule does not create an independent fraud claim against an assignee. It may permit assertion against the holder of a viable fraud claim available against the seller, subject to all substantive defenses. Any affirmative monetary recovery against Defendant is limited to amounts paid under the Contract; whether any nonmonetary remedy is available depends on the underlying substantive claim rather than the Holder Rule alone.

Because the Complaint does not plead a misrepresentation or fraudulent act by Defendant, and because the Holder Rule supplies no independent fraud cause of action, Count II should be dismissed as to Defendant.

## III. THE COMPLAINT DOES NOT PLEAD A STANDALONE TILA CLAIM

The Complaint mentions TILA only in its equitable-tolling allegations and does not plead a standalone TILA count or identify a specific TILA disclosure violation. The Court therefore need

not adjudicate an unpleaded TILA claim. To the extent Plaintiff later seeks leave to add such a claim, Defendant reserves all defenses, including assignee liability under 15 U.S.C. § 1641 and the limitations period under 15 U.S.C. § 1640(e).

Plaintiff's counts against Mac Haik do not automatically fail against Defendant merely because the challenged conduct is attributed to the dealer. The Holder Rule permits a consumer to assert against a holder claims and defenses arising from the seller's conduct, subject to the Rule's limitations. Dismissal therefore turns on whether Plaintiff has plausibly alleged a viable underlying claim against Mac Haik and whether the relief sought against Defendant falls within the Holder Rule, not solely on the absence of direct misconduct by Defendant.

Although the Complaint does not plead a standalone TILA count, any TILA damages claim arising from the September 6, 2023 consummation is facially barred by the one-year limitations period in 15 U.S.C. § 1640(e). Plaintiff's own allegations establish that he possessed the Contract and knew of the disputed service-contract charge by late September 2023, and the Complaint alleges no concealment by Defendant sufficient to support equitable tolling.

## IV. THE DTPA CLAIM FAILS AS TO DEFENDANT

Count III specifically cites the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et seq., which cures the prior Complaint's vagueness as to the statute invoked. It nevertheless fails as to Defendant.

The deceptive acts alleged—false representations through text messages, contract packing, the alleged lulling scheme, and concealment of denial letters—are all attributed to Mac Haik (Compl. ¶¶ 54–55). The Complaint does not allege any specific deceptive act by Defendant in its capacity as assignee. Purchasing a retail installment contract from a dealer is lawful commercial activity and, without more, is not a DTPA violation.

To the extent Plaintiff seeks to use the FTC Holder Rule to assert a viable DTPA claim arising from Mac Haik's conduct, any affirmative monetary recovery against Defendant is limited to amounts paid under the Contract. The 2020 multistate settlement likewise does not create a private cause of action or impose liability for every later contract purchased by Defendant.

The DTPA claim is facially untimely unless Plaintiff plausibly alleges deferred accrual or tolling. The statute requires suit within two years after the deceptive act occurred or within two years after the consumer discovered, or in the exercise of reasonable diligence should have discovered, the occurrence of the act. Plaintiff alleges that he received the Contract showing the $1,466.00 service contract approximately two weeks after September 6, 2023 and immediately requested rescission. Those allegations place his discovery of the principal alleged contract-packing injury in September 2023, more than two years before this adversary proceeding was filed on August 11, 2026.

The DTPA generally requires written notice at least sixty days before suit, advising the defendant of the specific complaint and the amount of economic damages, mental-anguish damages, and expenses claimed. The Complaint does not allege compliance with that prerequisite, and no qualifying notice appears among the attached exhibits. The DTPA count should therefore be dismissed or abated to the extent Texas law requires pre-suit notice under the circumstances presented.

Because the Complaint does not plead a deceptive act by Defendant and the claim is untimely, Count III should be dismissed as to Defendant.

## V. THE FTC HOLDER RULE DOES NOT CREATE INDEPENDENT LIABILITY AND CAPS RECOVERY

Count IV invokes the FTC Holder Rule, 16 C.F.R. § 433. The Rule preserves a consumer's claims and defenses against an assignee to the same extent those claims and defenses could be

asserted against the seller; it does not create a new, independent cause of action against the assignee or make the assignee the original wrongdoer.

The Contract contains the Holder Rule notice, and Plaintiff alleges monthly payments totaling $14,269.50. Those allegations define the asserted monetary ceiling but do not establish entitlement to recovery. Defendant denies the alleged payment amount and contends that Plaintiff has not plausibly pleaded a viable underlying seller claim or recoverable damages against Defendant. Any affirmative monetary recovery against Defendant is limited to amounts paid by the debtor under the Contract. Plaintiff's request for $250,000 therefore exceeds that monetary ceiling. The Court should dismiss or strike the demand to the extent it seeks monetary recovery beyond amounts paid under the Contract, while separately analyzing whether any nonmonetary remedy is available under the underlying substantive claim.

Even assuming the Holder Rule permits Plaintiff to assert Mac Haik's alleged misconduct against Defendant, the Complaint must still plead a viable underlying claim. The Court should therefore evaluate whether the attached documents and pleaded facts establish an actionable violation by Mac Haik, including whether a retail installment contract was executed within the conditional-delivery period, whether a dealer-signed unwind agreement existed, whether the DTPA notice prerequisite was satisfied, and whether the asserted damages are recoverable under the pleaded causes of action.

## VI. THE § 523(a)(2)(A) NONDISCHARGEABILITY CLAIM IS LEGALLY DEFECTIVE

Count V seeks a determination that the debt owed to Defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) excepts from discharge debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud."

That provision is designed to prevent a debtor who obtained money, property, services, or credit through his own fraud from discharging the resulting debt. Plaintiff's theory inverts that statutory framework: Plaintiff is the alleged victim of fraud, not the party who obtained money through fraud. The Complaint does not allege that Plaintiff obtained Defendant's money or credit by false pretenses.

Declaring the debt nondischargeable would harm Plaintiff by preventing discharge of a debt he claims he should not owe, rather than provide the rescission or damages he seeks. Plaintiff appears to confuse nondischargeability with contract rescission or damages; those are separate remedies addressed, unsuccessfully, by his other counts.

Section 523(a)(2)(A) does not provide the relief Plaintiff actually seeks. Count V should be dismissed as legally defective.

## VII. THE BREACH OF CONTRACT CLAIM DOES NOT REACH DEFENDANT

Count VI alleges breach of a "Customer Deal Unwind Agreement." The Deal Unwind Agreement attached as Complaint Exhibit A identifies Plaintiff and Georgetown Mac Haik Dodge Chrysler Jeep Ltd. as the parties; Defendant is not a party. The Complaint itself alleges that the agreement was between Plaintiff and Mac Haik (Compl. ¶ 69).

The agreement states that the parties "have returned our purchase to GEORGETOWN MAC HAIK DODGE CHRYSLER JEEP RAM" and that warranties or aftermarket products are to be cancelled. Defendant did not sign, execute, or agree to the Deal Unwind Agreement and did not undertake the obligations Plaintiff attributes to Mac Haik.

The attached Deal Unwind Agreement also defeats the breach theory because the dealer's acceptance line is blank. Plaintiff alleges that Mac Haik was obligated to execute the document but refused to do so. Those allegations establish, at most, an unaccepted proposal rather than a

mutually executed contract. Without acceptance by Mac Haik, the Complaint does not plausibly allege formation of the agreement on which Count VI depends.

The FTC Holder Rule does not make an assignee liable for breach of a separate agreement between the consumer and dealer to which the assignee was not a party. Because Defendant owed no contractual duty under the Deal Unwind Agreement, Count VI should be dismissed as to Defendant.

## VIII. EQUITABLE TOLLING IS INAPPLICABLE

Plaintiff dedicates paragraphs 34 through 40 to equitable tolling and contends that the TILA and DTPA limitations periods were tolled because Defendants fraudulently concealed the facts underlying his claims. The allegations do not support tolling as to Defendant.

First, Plaintiff alleges that the denial letters arrived at his residence (Compl. ¶ 20), placing the key evidence in his possession. The Complaint does not allege that Defendant prevented Plaintiff from obtaining or reviewing those letters.

Second, Plaintiff alleges that he received a copy of the Contract showing the $1,466.00 service contract approximately two weeks after signing and "immediately requested" rescission (Compl. ¶ 21). By his own allegations, he was aware of the alleged deficiency by late September 2023 at the latest.

Third, equitable tolling in the Eleventh Circuit requires extraordinary circumstances, typically active concealment by the defendant. Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706–07 (11th Cir. 1998). The Complaint attributes all alleged concealment—the denial letters and the failed unwinding—to Mac Haik, not Defendant.

Fourth, Plaintiff possessed the Contract and its disclosures at consummation. TILA's limitations period runs from consummation regardless of when a consumer later appreciates an

alleged deficiency, absent extraordinary circumstances not pleaded here. The equitable-tolling allegations therefore do not save either the TILA or DTPA claim.

## IX. THE RELIEF REQUESTED EXCEEDS WHAT IS AVAILABLE UNDER APPLICABLE LAW

Plaintiff seeks $250,000, including alleged payments, 401(k) losses, emotional distress, treble damages, attorney's fees, rescission, lien release, title surrender, and a nondischargeability determination. Even if Plaintiff could establish a claim against Defendant through the Holder Rule, any affirmative monetary recovery against Defendant would be capped at amounts paid under the Contract.

The nondischargeability request is legally defective for the reasons discussed above. The remaining requests for rescission, lien release, title surrender, emotional-distress damages, treble damages, attorney's fees, and consequential losses depend on a viable underlying substantive claim and satisfaction of that claim's remedial requirements; the Holder Rule itself does not independently authorize those remedies.

## X. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

The Court should dismiss the claims against Defendant with prejudice where the defects are legal and cannot be cured, including the § 523(a)(2)(A) claim and any claim premised on treating Defendant as a party to the Deal Unwind Agreement. For any claim whose deficiency may be curable by additional factual allegations, dismissal should be without further leave to amend only if the Court concludes that Plaintiff has already received a fair opportunity to cure the same defect or that amendment would be futile.

## ANSWER IN THE ALTERNATIVE

Without waiving the Motion to Dismiss, and only to the extent a responsive pleading is

required, Defendant answers the Complaint as follows:[1]

**INTRODUCTION AND NATURE OF THE PROCEEDING**

1. Paragraph 1 of the Complaint states legal conclusions regarding the nature of this action. No response is required. To the extent a response is required, Defendant admits only that Plaintiff filed this adversary proceeding and denies any characterization of wrongdoing or liability.

2. Paragraph 2 states legal conclusions and requests for relief. No response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief against Defendant.

3. Defendant admits that Plaintiff previously filed Adv. Pro. Nos. 6:26-ap-00060-TPG and 6:26-ap-00116-TPG. Defendant denies Plaintiff's characterization of the prior proceedings and denies that the present Complaint states a claim against Defendant.

4. Defendant admits that the Clerk entered a default against Mac Haik in Adv. Pro. No. 6:26-ap-00116-TPG. Defendant denies that the default entitles Plaintiff to default judgment against Mac Haik or to any relief against Defendant.

JURISDICTION AND VENUE

5. Paragraph 5 states legal conclusions regarding subject-matter jurisdiction and core-proceeding status. No response is required. To the extent a response is required, Defendant admits that the Court has subject-matter jurisdiction under 28 U.S.C. § 1334 and denies that every claim asserted is a core proceeding under 28 U.S.C. § 157(b)(2)(I), (J), or (O).

6. Defendant admits that Plaintiff filed a Chapter 13 bankruptcy case identified as Case No. 6:26-bk-05708-TPG and that the case is pending. Defendant denies any remaining

[1] Any allegation not expressly admitted is denied. Defendant denies all allegations of wrongdoing, fraud, fraudulent inducement, contract packing, TILA violations, consumer-protection violations, unfair trade practices, settlement violations, lien invalidity, improper perfection, rescission, damages, title transfer, credit reporting liability, or other liability.

allegations or legal conclusions in Paragraph 6.

7. Paragraph 7 states a legal conclusion regarding venue. Defendant does not contest venue solely for purposes of this adversary proceeding, while preserving all other defenses.

8. Paragraph 8 states legal conclusions regarding personal jurisdiction. Defendant does not contest personal jurisdiction solely for purposes of this adversary proceeding and denies that any alleged consent by Mac Haik establishes liability or jurisdictional consequences for Defendant.

## PARTIES

9. Defendant admits that Plaintiff is an individual and the debtor identified in the new Chapter 13 case. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations concerning Plaintiff's residence.

10. Defendant admits that Santander Consumer USA Inc. is a Delaware corporation with its principal place of business in Texas, does business as Chrysler Capital, and is the assignee and holder of the retail installment contract at issue. Defendant denies any remaining characterization of its business or role not expressly admitted.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning Mac Haik, except Defendant admits that the Contract identifies Georgetown Mac Haik Dodge Chrysler Jeep Ltd. as the retail seller.

## FACTUAL ALLEGATIONS

12. Defendant admits that Plaintiff and Tina Cheatham executed a retail installment contract dated September 6, 2023, concerning a used 2014 Dodge Challenger, VIN: 2C3CDYAG0EH281803. Defendant denies any allegation of wrongdoing or that the Contract is void.

13. Defendant admits that the Contract reflects a total down payment of $2,000. Defendant lacks knowledge or information sufficient to form a belief as to what Mac Haik representatives told Plaintiff or Tina Cheatham and denies that Defendant made any such representations.

14. Defendant admits that Exhibit F includes a Conditional Delivery Agreement dated September 6, 2023. The document speaks for itself. Defendant denies the allegation that no lender had approved financing at the time of delivery, denies that the retail installment contract was merely a conditional delivery agreement, and denies that Defendant was a party to or responsible for the Conditional Delivery Agreement.

15. Defendant admits that Exhibit B is an adverse-action notice issued by Chrysler Capital concerning a credit application, that the notice is dated September 30, 2023, and that it identifies a credit-score date of September 5, 2023 and the reasons stated in the notice. The document speaks for itself. Defendant denies that the notice establishes that Plaintiff's executed retail installment contract was not approved or funded, denies the alleged concealment, and denies any wrongdoing.

16. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik's conduct alleged in Paragraph 16 and denies that Defendant knew of or participated in those acts.

17. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik's alleged concealment and denies that Defendant concealed anything from Plaintiff.

18. Defendant admits that Exhibit C purports to be a Stellantis Financial Services adverse-action notice dated September 18, 2023. The document speaks for itself. Defendant

lacks knowledge or information sufficient to form a belief as to when Plaintiff received it and denies that the document establishes wrongdoing by Defendant.

19. Defendant admits that Exhibit D purports to be a Stellantis Financial Services adverse-action notice dated October 2, 2023. The document speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff received it and denies that the document establishes wrongdoing by Defendant.

20. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik's alleged communications with Plaintiff and denies that Defendant concealed denial letters or that Plaintiff could not have discovered relevant facts through reasonable diligence.

21. Defendant admits that the Contract itemizes a $1,466.00 service contract. Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff received his copy, whether he requested that the transaction be unwound, or whether Mac Haik agreed to do so. Defendant denies that the service contract was unauthorized, denies that Defendant added it without consent, and denies any participation in a separate unwinding or rescission agreement.

22. Defendant lacks knowledge or information sufficient to form a belief as to the alleged new co-signer and related communications. Defendant denies any participation in or obligation concerning a proposed new Contract.

23. Defendant admits that Exhibit A purports to be a Customer Deal Unwind Agreement concerning the Vehicle and identifying Tina Cheatham, Matthew Sargeant, and Georgetown Mac Haik Dodge Chrysler Jeep Ram. The document speaks for itself. Defendant denies that Defendant provided, signed, accepted, or became bound by the document.

24. Defendant admits that Exhibit A contains the quoted language regarding return of the purchase and cancellation of warranties or aftermarket products. The document speaks for itself. Defendant denies that those statements are binding on Defendant or create any obligation of Defendant.

25. Defendant admits that Exhibit A states “IF A TRADE IN WAS INVOLVED: N/A.” The document speaks for itself. Defendant denies that this notation establishes an enforceable unwinding agreement or any obligation of Defendant.

26. Defendant denies that Exhibit A shows Plaintiff’s signature or acceptance by a Mac Haik representative. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff returned any signed copy to Mac Haik or as to Mac Haik’s alleged obligations, refusal, or delay. Defendant denies that Defendant was obligated to execute the document or participated in the alleged conduct.

27. Defendant lacks knowledge or information sufficient to form a belief as to whether Mac Haik represented that the original transaction would be unwound or whether Plaintiff relied on any such representation and therefore denies those allegations. Defendant further denies that Defendant provided or accepted the Deal Unwind Agreement, made any unwinding representation, or induced Plaintiff’s reliance.

28. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik’s alleged intent in providing or handling the Deal Unwind Agreement and therefore denies that Mac Haik used the document to delay Plaintiff or permit a limitations period to expire. Defendant further denies any participation in such conduct.

29. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik’s text messages and denies participation in any lulling scheme or promise to unwind the

transaction.

30. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik's communications and denies that Defendant concealed any denial or other information from Plaintiff.

31. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik's alleged statements or blame and denies that Defendant concealed any financing decision or engaged in wrongdoing.

32. Defendant admits that the signed Contract states a 24.10% APR. Defendant denies that Plaintiff was forced to enter the Contract, denies that any alleged nondisclosure caused Plaintiff to accept its terms, and denies that the APR or financing terms establish wrongdoing by Defendant.

33. Defendant denies Plaintiff's alleged damages and denies that any injury was caused by Defendant. Defendant lacks knowledge or information sufficient to form a belief as to alleged 401(k) losses, family payments, emotional distress, or refinancing efforts and denies that such amounts are recoverable from Defendant.

## EQUITABLE TOLLING — STATUTE OF LIMITATIONS

34. Paragraph 34 incorporates prior allegations and states no independent factual allegation. No response is required. To the extent a response is required, Defendant repeats its responses above.

35. Denied. Equitable tolling is a legal issue, and Plaintiff has not alleged facts supporting tolling against Defendant.

36. Denied. Defendant did not actively conceal financing information from Plaintiff. The allegations concerning the denial letters are attributed to Mac Haik, and Plaintiff alleges that

the letters arrived at his residence.

37. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik's alleged representations or handling of any proposed unwinding. Defendant denies that Defendant represented financing was approved, concealed any denial, or prevented Plaintiff from discovering the facts on which his claims are based.

38. Paragraph 38 states a legal conclusion regarding equitable tolling. No response is required. To the extent a response is required, Defendant denies the applicability of equitable tolling and demands strict proof.

39. Paragraph 39 states legal conclusions regarding the discovery rule. No response is required. To the extent a response is required, Defendant denies the applicability of the discovery rule and demands strict proof.

40. Denied. Plaintiff's claims are not timely as to Defendant, and his own allegations establish knowledge of the asserted contract and financing issues well before the applicable limitations periods expired.

**COUNT I: VIOLATION OF TEXAS FINANCE CODE § 348.013**

41. Paragraph 41 incorporates prior allegations and states no independent factual allegation. No response is required. To the extent a response is required, Defendant repeats its responses above.

42. Paragraph 42 quotes or characterizes Texas Finance Code § 348.013. The statute speaks for itself. To the extent a response is required, Defendant denies that the statute imposes any obligation on Defendant.

43. Defendant admits that Exhibit F is a Conditional Delivery Agreement dated September 6, 2023 and that it states a maximum term of fifteen days. Defendant denies that the

Conditional Delivery Agreement exceeded fifteen days because Plaintiff and Tina Cheatham executed a retail installment contract on September 6, 2023. Defendant further denies that Defendant was the retail seller, directly violated § 348.013, or is derivatively liable under the Holder Rule because the Complaint does not plausibly allege an underlying statutory violation.

44. Paragraph 44 quotes or characterizes Texas Finance Code § 348.013. The statute speaks for itself. Defendant denies that any alleged statutory duty applies to Defendant as assignee.

45. Defendant denies that § 348.013 required return of the down payment because a retail installment contract was executed on September 6, 2023. Defendant further denies that it was the retail seller or directly obligated to return the down payment and denies derivative liability under the Holder Rule absent a viable underlying claim against Mac Haik.

46. Denied. The Complaint and its exhibits do not establish a violation of § 348.013 by Mac Haik, Defendant did not directly violate the statute, and Plaintiff cannot recover against Defendant through the Holder Rule without a viable underlying seller claim and recoverable damages.

**COUNT II: FRAUDULENT INDUCEMENT**

47. Paragraph 47 incorporates prior allegations and states no independent factual allegation. No response is required. To the extent a response is required, Defendant repeats its responses above.

48. Defendant admits that the Rule 9(b) table in Paragraph 48 attributes the alleged representations and conduct to representatives, agents, or employees of Mac Haik rather than Defendant. Defendant lacks knowledge or information sufficient to form a belief as to those

alleged statements and denies that Plaintiff has pleaded an actionable underlying fraud claim against Mac Haik that may be asserted against Defendant through the Holder Rule.

49. Defendant denies that Defendant made the alleged representations or intended to induce Plaintiff's delay. Defendant lacks knowledge or information sufficient to form a belief as to the intent of Mac Haik's representatives and denies that the Complaint plausibly alleges an actionable underlying fraud claim.

50. Defendant denies that Plaintiff justifiably relied on any representation by Defendant. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged reliance on statements by Mac Haik and denies that any such reliance supports a recoverable claim against Defendant.

51. Defendant denies that Plaintiff suffered recoverable damages caused by Defendant or arising from a viable underlying seller claim assertable against Defendant through the Holder Rule.

**COUNT III: VIOLATIONS OF THE TEXAS DTPA**

52. Paragraph 52 incorporates prior allegations and states no independent factual allegation. No response is required. To the extent a response is required, Defendant repeats its responses above.

53. Paragraph 53 states a legal conclusion regarding Plaintiff's status as a DTPA consumer. No response is required. To the extent a response is required, Defendant admits that Plaintiff sought to acquire the Vehicle through the retail transaction but denies that this allegation establishes a DTPA claim against Defendant.

54. Defendant admits only that Paragraph 54 purports to assert DTPA violations based on conduct attributed to Mac Haik rather than Defendant. Defendant lacks knowledge or

information sufficient to form a belief as to the alleged dealer conduct and denies that the conduct occurred, violated the DTPA, or supports a timely, actionable underlying claim against Defendant through the Holder Rule.

55. Defendant denies that Defendant acted knowingly or unconscionably. Defendant lacks knowledge or information sufficient to form a belief as to Mac Haik's alleged state of mind and denies that the Complaint plausibly pleads the knowledge required for the relief sought against Defendant.

56. Defendant denies that any act or omission by Defendant was a producing cause of Plaintiff's alleged damages and denies that Plaintiff has pleaded damages arising from a viable underlying DTPA claim assertable against Defendant through the Holder Rule.

57. Paragraph 57 states legal conclusions and requests remedies. No response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to economic damages, treble damages, attorney's fees, or costs from Defendant and further asserts that any affirmative monetary recovery through the Holder Rule cannot exceed amounts paid under the Contract.

**COUNT IV: FTC HOLDER RULE**

58. Paragraph 58 incorporates prior allegations and states no independent factual allegation. No response is required. To the extent a response is required, Defendant repeats its responses above.

59. Defendant admits that the Contract is a consumer credit contract containing the notice required by the FTC Holder Rule and is subject to the Rule according to its terms. Defendant denies any broader characterization.

60. Defendant admits that the Contract contains the Holder Rule notice required by 16

C.F.R. § 433.2. The Contract speaks for itself, and Defendant denies that the notice creates liability beyond the Rule's terms.

61. Defendant admits that the Holder Rule permits Plaintiff to assert against Defendant claims and defenses arising from the seller's conduct, subject to the existence and elements of a viable underlying claim and to all applicable defenses and remedial limitations. Defendant denies that the Rule creates an independent cause of action, makes Defendant the original wrongdoer, or establishes liability for every act alleged against Mac Haik.

62. Defendant admits that the Holder Rule notice limits affirmative monetary recovery to amounts paid by the debtor under the Contract. Defendant denies the amount allegedly paid, denies that Plaintiff has established entitlement to any recovery, and denies that the Rule itself authorizes the additional monetary or nonmonetary relief requested.

**COUNT V: NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

63. Paragraph 63 incorporates prior allegations and states no independent factual allegation. No response is required. To the extent a response is required, Defendant repeats its responses above.

64. Denied. Defendant denies that the debt owed to Defendant arises from fraudulent conduct by Defendant or from any viable underlying seller claim. Defendant further denies that § 523(a)(2)(A) affords Plaintiff the requested relief.

65. The statute speaks for itself. Defendant denies Plaintiff's interpretation of 11 U.S.C. § 523(a)(2)(A) and denies that the provision supplies the relief Plaintiff seeks.

66. Defendant lacks knowledge or information sufficient to form a belief as to whether Mac Haik obtained money or property from Plaintiff through false pretenses or false

representations and therefore denies that allegation. Defendant denies that Defendant obtained money or property from Plaintiff through false pretenses, false representations, or actual fraud.

67. Denied. Plaintiff is not entitled to a nondischargeability determination against Defendant, and Count V is legally defective for the reasons stated in the Memorandum.

**COUNT VI: BREACH OF CONTRACT**

68. Paragraph 68 incorporates prior allegations and states no independent factual allegation. No response is required. To the extent a response is required, Defendant repeats its responses above.

69. Defendant admits only that Exhibit A purports to be a Customer Deal Unwind Agreement concerning Plaintiff, Tina Cheatham, and Mac Haik. Defendant denies that the document reflects acceptance by Mac Haik, denies that it constitutes a valid and enforceable contract on the face of the exhibit, and denies that Defendant was a party to or bound by it.

70. Defendant denies that Exhibit A shows Plaintiff's signature and lacks knowledge or information sufficient to form a belief as to any other alleged performance by Plaintiff. Defendant further denies that any act by Plaintiff imposed an obligation on Defendant, which was not a party to the document.

71. Denied. Defendant did not agree to, sign, or breach the Deal Unwind Agreement and did not owe the obligations attributed to Mac Haik.

72. Denied. Plaintiff has not suffered damages caused by any breach or other act of Defendant.

73. Denied. Plaintiff is not entitled to actual damages, consequential damages, or other relief from Defendant under the Deal Unwind Agreement.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

31. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

**SECOND AFFIRMATIVE DEFENSE**

32. To the extent the Complaint alleges fraud, fraudulent inducement, contract packing, misrepresentation, or deceptive conduct, such allegations are not pled with particularity as to Defendant as required by Rule 9(b).

**THIRD AFFIRMATIVE DEFENSE**

33. Plaintiff's claims are barred to the extent they rely on statutes, regulations, or settlement agreements that do not create a private right of action.

**FOURTH AFFIRMATIVE DEFENSE**

34. Plaintiff lacks standing to enforce any multistate settlement, regulatory settlement, consent judgment, or agreement to which Plaintiff is not a party or intended beneficiary.

**FIFTH AFFIRMATIVE DEFENSE**

35. Defendant is not independently liable for alleged conduct of the selling dealer, including alleged false representations, contract packing, lulling practices, warranty sales practices, or other dealer conduct, absent facts establishing a legal basis for such independent liability.

**SIXTH AFFIRMATIVE DEFENSE**

36. Defendant complied with all applicable disclosure obligations and other applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's claims are barred because Plaintiff has not suffered any legally

cognizable injury caused by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not pled or suffered recoverable damages.

**NINTH AFFIRMATIVE DEFENSE**

39. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, ratification, and acceptance of benefits.

**TENTH AFFIRMATIVE DEFENSE**

40. To the extent Plaintiff asserts claims against Defendant through the FTC Holder Rule, any affirmative monetary recovery is limited to amounts paid by Plaintiff under the Contract. The Holder Rule does not independently authorize treble damages, lien release, title transfer, rescission, or other nonmonetary relief; the availability of any such remedy depends on a viable underlying substantive claim.

**ELEVENTH AFFIRMATIVE DEFENSE**

41. Texas Finance Code § 348.013 imposes obligations on the retail seller, not an assignee or finance company. Defendant is not the retail seller and is not liable for any alleged violation of that provision.

**TWELFTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) is legally defective because Plaintiff, the alleged debtor and victim of fraud, seeks a nondischargeability determination for a debt he claims was fraudulently imposed on him, thereby inverting the statutory framework.

**THIRTEENTH AFFIRMATIVE DEFENSE**

43. Plaintiff's breach-of-contract claim fails because Defendant was not a party to, did not sign, and did not assume obligations under the Deal Unwind Agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's DTPA claim is barred by the two-year statute of limitations in Tex. Bus. & Com. Code § 17.565.

## FIFTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's DTPA claim is barred or subject to abatement to the extent Plaintiff failed to provide the written pre-suit notice required by Tex. Bus. & Com. Code § 17.505.

## SIXTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims remain subject to all defenses arising from prior rulings, positions taken, admissions made, and records filed in the earlier proceedings, to the extent those matters are properly considered and have preclusive effect under applicable law.

## RESERVATION OF RIGHTS

47. Defendant reserves the right to amend, supplement, or withdraw defenses as discovery proceeds and as additional facts become known.

**WHEREFORE**, Defendant respectfully requests judgment:

a. dismissing with prejudice the claims whose defects are legal and cannot be cured, including the claim under 11 U.S.C. § 523(a)(2)(A) and any claim premised on treating Defendant as a party to the Deal Unwind Agreement, and otherwise dismissing without further leave to amend where amendment would be futile;

b. awarding Defendant attorneys' fees and costs only to the extent authorized by contract, statute, rule, or other applicable law, with entitlement and amount to be established in accordance with the Court's procedures; and

c. granting such other and further relief as the Court deems just and proper.

Dated: September 15, 2026

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Armando Nozzolillo*

Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900 (telephone)
(704) 331-4955 (facsimile)
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
Tina.Washington@wbd-us.com

*Attorneys for Movant*

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I served a true and correct copy of the foregoing by United States Mail, first-class postage prepaid, upon:

Matthew Allen Sargeant, Sr.
4101 Fairview Vista Point #327
Orlando, FL 32804
*Plaintiff*

I further certify that service was made through CM/ECF on all registered users entitled to electronic notice and by mail on each nonregistered party required to be served.

September 11, 2026 **WOMBLE BOND DICKINSON (US) LLP**

*/s/ Armando Nozzolillo*
Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900 (telephone)
(704) 331-4955 (facsimile)
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
Tina.Washington@wbd-us.com

*Attorneys for Movant*