**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **MATTHEW ALLEN SARGEANT, SR.** | ) | **Case No. 6:26-bk-05708-TPG** |
| | ) | |
| | ) | |
| **Debtor.** | ) | **Chapter 13** |
| | ) | |
| | ) | |
| **MATTHEW ALLEN SARGEANT, SR.** | ) | **Adv. Pro. No. 6:26-ap-00150-TPG** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MAC HAIK AUTOMOTIVE GROUP,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MOTION TO DISMISS FIRST AMENDED COMPLAINT AND ANSWER AND DEFENSES IN THE ALTERNATIVE**

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital" or "Defendant"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, moves to dismiss with prejudice the First Amended Complaint in its entirety as against Chrysler Capital and, in the alternative, answers the First Amended Complaint without waiving the motion. The First Amended Complaint does not replead the prior Texas Finance Code § 348.013 claim or the prior 11 U.S.C. § 523(a)(2)(A) claim. It instead asserts six counts: fraud against Mac Haik; violations of the Texas DTPA; breach, promissory-estoppel, and equitable-estoppel theories based on the proposed DEAL

UNWIND; a declaratory claim concerning the service-contract signatures and charge; a Holder Rule count; and an objection to Chrysler Capital's proof of claim and lien. Chrysler Capital moves to dismiss every claim asserted against it because the First Amended Complaint alleges no actionable conduct by Chrysler Capital, pleads no viable seller claim that supports derivative liability, and identifies no specific basis to disallow or reduce Chrysler Capital's claim or invalidate its lien.

WHEREFORE, Chrysler Capital respectfully requests that the Court dismiss with prejudice the First Amended Complaint in its entirety as against Chrysler Capital, deny further leave to amend as futile, award Chrysler Capital its fees and costs only to the extent authorized by applicable law, and grant such other and further relief as the Court deems just.

Dated: October 1st , 2026

WOMBLE BOND DICKINSON (US) LLP
/s/ Armando Nozzolillo
Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
*Attorneys for Santander Consumer USA Inc. d/b/a Chrysler Capital*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In Re:**<br><br>**MATTHEW ALLEN SARGEANT, SR.**<br><br>**Debtor.** | **Case No. 6:26-bk-05708-TPG**<br><br>**Chapter 13** |
| **MATTHEW ALLEN SARGEANT, SR.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL,**<br>**and**<br><br>**MAC HAIK AUTOMOTIVE GROUP,**<br><br>**Defendants.** | **Adv. Pro. No. 6:26-ap-00150-TPG** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND ANSWER AND DEFENSES IN THE ALTERNATIVE**

## INTRODUCTION

The First Amended Complaint materially changes the case. It does not replead the prior Texas Finance Code § 348.013 or 11 U.S.C. § 523(a)(2)(A) counts. The operative pleading instead asserts fraud against Mac Haik in Count I; Texas DTPA violations in Count II; breach, promissory-estoppel, and equitable-estoppel theories based on the proposed DEAL UNWIND in Count III; declaratory relief concerning the service-contract signatures and charge in Count IV; the FTC Holder Rule in Count V; and an objection to Chrysler Capital's proof of claim and lien in Count VI. Plaintiff disclaims any present allegation that Chrysler Capital participated in the

dealer's alleged misrepresentations and seeks to impose the consequences of those seller-based theories on Chrysler Capital through the Holder Rule and 11 U.S.C. § 502(b)(1).

The operative pleading is the First Amended Complaint. The Texas Finance Code § 348.013 and 11 U.S.C. § 523(a)(2)(A) counts asserted in the original complaint are not pleaded in the First Amended Complaint and therefore are no longer operative. Likewise, allegations, exhibits, theories, or requested relief from earlier complaints that were not carried forward are not part of the operative pleading except to the extent properly incorporated or attached. Chrysler Capital responds to the First Amended Complaint as filed and reserves all defenses to any attempt to revive omitted theories through argument or discovery rather than amendment under Rule 15.

That reframing does not state an independent claim against Chrysler Capital. The Holder Rule preserves qualifying claims and defenses arising from seller misconduct; it does not itself create the underlying cause of action, establish its elements, make Chrysler Capital the seller, or eliminate defenses including formation, timeliness, statutory notice, causation, reliance, damages, and standing. The claim-objection process likewise disallows a claim only to the extent it is unenforceable under the agreement or applicable law. Plaintiff therefore must first plead and prove a viable basis on which the obligation is unenforceable.

## **LEGAL STANDARD**

To survive Rule 12(b)(6), a complaint must contain enough factual matter, accepted as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and conclusory allegations are not entitled to the assumption of truth. *Id.* Although a pro se pleading is construed liberally, it must comply with procedural rules and plead sufficient

facts. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Fraud must also be pleaded with particularity under Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009.

## ARGUMENT

The First Amended Complaint should be dismissed with prejudice in its entirety as against Chrysler Capital. It alleges no actionable conduct by Chrysler Capital, and its seller-based theories remain deficient as to timeliness, statutory notice, formation, causation, damages, and standing. The claim-objection and lien theories likewise identify no disputed charge, omitted credit, perfection defect, or valuation issue that would support disallowance, reduction of Chrysler Capital's claim, or invalidation of its lien.

### I. THE HOLDER RULE DOES NOT CREATE AN INDEPENDENT CAUSE OF ACTION AGAINST CHRYSLER CAPITAL

Count V invokes the Holder Rule as a basis for asserting seller-related claims and defenses against Chrysler Capital. The Holder Rule notice may preserve qualifying claims and defenses arising from seller conduct, but it does not create an independent cause of action, establish the elements of an underlying claim, or eliminate substantive and remedial defenses. Count V therefore states no freestanding claim against Chrysler Capital and cannot support derivative relief unless Plaintiff first pleads a viable underlying seller claim.

Accordingly, Count V should be dismissed with prejudice as against Chrysler Capital. The Holder Rule does not create an independent cause of action, and Plaintiff has not pleaded a viable seller claim or defense that supports relief against Chrysler Capital under the Rule.

### II. THE AMENDED COMPLAINT DOES NOT PLAUSIBLY PLEAD A SELLER-BASED FRAUD CLAIM THAT MAY BE ASSERTED AGAINST CHRYSLER CAPITAL

Count I alleges fraud only by Mac Haik, and Plaintiff disclaims any present allegation that Chrysler Capital participated in the dealer's representations. That disclaimer defeats any

direct fraud claim against Chrysler Capital. A derivative Holder Rule theory nevertheless depends on whether Plaintiff has adequately pleaded fraud by the seller. Plaintiff alleges statements concerning approval, an unwind, replacement financing, and a required first payment, but he does not plead facts showing that each speaker knew a representation was false when made or had no intention to perform. The later failure to complete the proposed transaction does not, without more, supply fraudulent intent. The amended pleading also fails to identify with sufficient clarity the incremental loss caused by any particular representation rather than by obligations imposed under the executed Contract.

The pleading further fails to connect the alleged reliance to a recoverable injury with sufficient clarity. Plaintiff alleges that he made one payment and continued cooperating, but does not plausibly separate amounts owed under the existing signed retail installment contract from any incremental loss caused by a specific false statement. A generalized request to discover whether a better financing option existed does not establish causation or damages. Because the underlying fraud claim remains deficient, the Holder Rule does not supply a viable affirmative claim against Chrysler Capital based on that theory.

## III. THE DTPA THEORY IS SUBJECT TO DISMISSAL OR ABATEMENT AND DOES NOT SUPPORT AFFIRMATIVE RELIEF AGAINST CHRYSLER CAPITAL AS PLEADED

The amended complaint alleges that the challenged representations and product charges occurred in 2023, while this adversary proceeding was commenced in 2026. Plaintiff also alleges contemporaneous knowledge of the service-contract charge, the proposed unwind, the first-payment condition, and the eventual failure of the unwind. Those allegations undermine delayed discovery because they identify facts that would have prompted a reasonably diligent consumer to investigate the complained-of conduct in 2023. Plaintiff’s allegation that he later assembled

and compared documents does not plausibly postpone accrual. Plaintiff's DTPA theory is independently subject to abatement because the amended complaint does not allege the written pre-suit notice required by Tex. Bus. & Com. Code § 17.505. If the Court reaches the notice issue before limitations, abatement is the appropriate remedy for failure to provide statutory notice. Chrysler Capital therefore seeks dismissal with prejudice of the DTPA claim as untimely or, in the alternative, abatement until Plaintiff satisfies any applicable notice requirement. The amended complaint also fails to plead a viable recoupment theory because it identifies no specific amount or legally cognizable basis for reducing Chrysler Capital's claim.

Until Plaintiff states a timely and procedurally compliant seller claim, the Holder Rule cannot support affirmative DTPA relief against Chrysler Capital.

## IV. THE DEAL UNWIND COUNT DOES NOT STATE A CLAIM AGAINST CHRYSLER CAPITAL AND DOES NOT PLAUSIBLY ESTABLISH AN ENFORCEABLE SELLER OBLIGATION

Count III is pleaded solely against Mac Haik and asserts breach of contract, promissory estoppel, equitable estoppel, and declaratory relief arising from the proposed deal unwind. Chrysler Capital is not identified as a party, signatory, promisor, or beneficiary of that document and did not make the alleged unwind promises. The preserved copy contains a handwritten entry near the acceptance line, but the exhibit does not establish that an authorized dealer representative executed or accepted it. None of the Count III theories creates a contractual or equitable duty owed by Chrysler Capital.

To the extent Plaintiff seeks to assert the theory derivatively through the Holder Rule, the amended complaint must still identify an enforceable seller obligation. The form's unauthenticated handwritten entry and the alleged communications do not plausibly establish acceptance by an authorized dealer representative or a definite promise with sufficiently certain

terms concerning timing, consideration, replacement financing, return of the vehicle, treatment of title, or completion conditions. Count III should therefore be dismissed with prejudice as against Chrysler Capital.

## V. PLAINTIFF HAS NOT PLAUSIBLY PLEADED PERSONAL RIGHTS BASED ON TINA CHEATHAM'S ALLEGEDLY UNAUTHORIZED SIGNATURE

Count IV seeks declaratory relief based on the allegedly unauthorized service-contract signatures and the inclusion of the $1,466 charge. The count relies in part on Tina Cheatham's alleged lack of authorization, but Tina is not a plaintiff and Plaintiff cannot obtain an adjudication of her personal rights. Although Plaintiff is identified as a co-purchaser on the service-contract document, the amended complaint does not plead facts showing his own lack of assent, a request for cancellation directed to Chrysler Capital, an amount improperly retained by Chrysler Capital, or a legal basis for declaring any portion of Chrysler Capital's claim unenforceable. It also does not allege that Chrysler Capital created, authenticated, or directed the disputed signature.

Count IV should therefore be dismissed with prejudice as against Chrysler Capital. Plaintiff may not litigate Tina Cheatham's personal rights, and the amended complaint does not plead Plaintiff's own assent-based claim with facts sufficient to identify an enforceable injury or any portion of Chrysler Capital's claim that is unenforceable against him.

## VI. THE CLAIM-OBJECTION AND LIEN COUNT FAILS TO STATE A CLAIM AGAINST CHRYSLER CAPITAL

Count VI seeks disallowance or reduction of Chrysler Capital's proof of claim, a determination of Chrysler Capital's secured status, and relief concerning the validity or extent of Chrysler Capital's lien. Section 502(b)(1) permits disallowance only to the extent a claim is unenforceable under the agreement or applicable law, while § 506 addresses the secured amount

by reference to collateral value. Chrysler Capital's properly filed proof of claim is prima facie evidence of its validity and amount under Bankruptcy Rule 3001(f). The amended complaint identifies no specific payment, omitted credit, unauthorized charge attributable to Chrysler Capital, mathematical error, collateral valuation, or legal defect sufficient to rebut that evidentiary effect or support claim disallowance or reduction. It likewise alleges no defect in attachment, perfection, assignment, or the lien documents. Count VI therefore fails to state any of the claim, secured-status, or lien determinations it requests against Chrysler Capital.

The lien-validity request is likewise deficient. The amended complaint does not allege a defect in attachment, perfection, assignment, or the lien documents, and it does not identify a legally sufficient basis to disallow or reduce Chrysler Capital's claim. Count VI should therefore be dismissed with prejudice as against Chrysler Capital.

## VII. PLAINTIFF MAY NOT USE DISCOVERY TO SEARCH FOR A CLAIM AGAINST CHRYSLER CAPITAL

Plaintiff's amended pleading repeatedly acknowledges that he does not presently know whether Chrysler Capital engaged in any actionable conduct. Instead, Plaintiff seeks extensive discovery in the hope that Chrysler Capital's underwriting, funding, communications, and account records may reveal facts supporting a future claim.

Plaintiff expressly alleges that he does not presently contend Chrysler Capital participated in the dealer's alleged misrepresentations and seeks discovery to determine whether Chrysler Capital had any involvement in the represented unwind, replacement-financing process, or funding chronology. He further alleges that discovery is needed to determine when Chrysler Capital approved the transaction, when funding occurred, what communications existed between Chrysler Capital and Mac Haik, whether alternative submissions were considered, and whether

Chrysler Capital participated in any alleged misconduct. See First Amended Complaint ¶¶ 9, 76, 78–86.

Those allegations confirm the absence of a presently plausible claim against Chrysler Capital based on Chrysler Capital's own conduct. Rule 8 requires a plaintiff to plead sufficient facts showing a plausible entitlement to relief before obtaining discovery. Discovery may develop a properly pleaded claim, but it may not be used to determine whether a claim exists in the first instance. A complaint that expressly admits uncertainty regarding a defendant's alleged conduct and seeks discovery to uncover a basis for liability does not satisfy Rule 12(b)(6).

To the extent Plaintiff seeks relief based on Chrysler Capital's own acts or omissions, those theories should be dismissed because the amended complaint identifies no specific Chrysler Capital misrepresentation, concealment, directive, approval decision, communication, or other actionable conduct. Plaintiff's request for lender records cannot substitute for factual allegations establishing a viable claim.

Plaintiff's request to preserve a possible recoupment defense or claim objection does not save the pleading. The First Amended Complaint identifies no specific amount, charge, credit, or legal defect that could support either theory. Any affirmative or defensive theory against Chrysler Capital based only on the possibility that discovery may later reveal actionable conduct should be dismissed with prejudice.

## VIII. THE JURY DEMAND SHOULD BE RESERVED UNTIL THE COURT IDENTIFIES ANY SURVIVING JURY-TRIABLE CLAIM

The amended complaint combines legal claims with a proof-of-claim objection, lien issues, and requests for equitable relief. Chrysler Capital does not consent to a jury trial in the Bankruptcy Court. The Court should determine the jury demand only after resolving the motion to dismiss and identifying any surviving legal claim for which a jury right exists, any effect of

Plaintiff's invocation of the bankruptcy claims process, and the forum authorized to conduct any jury trial.

## CONCLUSION

Plaintiff has filed multiple adversary proceedings arising from the September 2023 transaction and amended the operative complaint after Chrysler Capital identified pleading defects. Although the prior dismissals were without prejudice and have no claim-preclusive effect, Plaintiff has had repeated opportunities to identify a factual basis for relief against Chrysler Capital. The First Amended Complaint still alleges no actionable conduct by Chrysler Capital, no viable underlying seller claim that supports derivative relief, and no specific basis to disallow or reduce Chrysler Capital's proof of claim or invalidate its lien. Further amendment would be futile. The Court should therefore dismiss with prejudice the First Amended Complaint in its entirety as against Chrysler Capital.

## ANSWER IN THE ALTERNATIVE

Without waiving the foregoing Motion to Dismiss, Chrysler Capital answers the numbered allegations of the First Amended Complaint. Any allegation not expressly admitted is denied.

1. Admitted that this proceeding concerns the purchase and financing of the identified Vehicle. Chrysler Capital denies all remaining characterizations.

2. Chrysler Capital admits that the identified documents purport to exist and speak for themselves. Chrysler Capital denies Plaintiff's characterizations, including any implication of wrongdoing.

3. Denied.

4. Chrysler Capital admits Exhibit 2 is an adverse-action notice dated September 30, 2023 that references a September 5, 2023 credit decision. The document speaks for itself. Chrysler Capital denies Plaintiff's remaining characterizations.

5. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

6. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

7. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

8. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

9. Chrysler Capital admits Plaintiff does not presently allege that Chrysler Capital participated in the dealer's alleged statements. Chrysler Capital denies that discovery is needed to state a claim or that Plaintiff is entitled to the requested records absent compliance with applicable rules.

10. Chrysler Capital admits the Contract itemizes a $1,466 service contract. Chrysler Capital denies the remaining allegations.

11. Chrysler Capital admits Exhibit 5 identifies Tina Cheatham and Plaintiff as purchasers and contains a handwritten entry in the purchaser-signature area. Chrysler Capital

lacks knowledge sufficient to determine who made the entry, whether it was authorized, or whether either purchaser assented outside the face of the document. Chrysler Capital denies that the exhibit establishes misconduct by Chrysler Capital, establishes standing for Plaintiff to assert Tina Cheatham's personal rights, or identifies any amount of Chrysler Capital's claim that is unenforceable against Plaintiff.

12. Chrysler Capital admits it asserts a bankruptcy proof of claim and denies that Plaintiff is entitled to the requested relief.

13. Admitted.

14. Paragraph 14 states legal conclusions. Chrysler Capital admits jurisdiction over the claim objection and lien issues to the extent provided by law and denies any broader conclusion.

15. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

16. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

17. Chrysler Capital does not contest venue.

18. Plaintiff's consent speaks for itself. Chrysler Capital does not consent to a jury trial in the Bankruptcy Court.

19. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

20. Chrysler Capital admits that it is the assignee and holder of the retail installment contract and that it filed a proof of claim based on that obligation. Chrysler Capital denies any remaining characterization, including any allegation concerning the scope or legal effect of its servicing or claimant status beyond the governing documents and court record.

21. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

22. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

23. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

24. Chrysler Capital admits Tina Cheatham is identified on the transaction documents and is not a plaintiff; otherwise denied.

25. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

26. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

27. Chrysler Capital admits Exhibit 2 reflects the stated information. The document speaks for itself; remaining allegations denied.

28. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

29. Chrysler Capital admits that the Contract is dated September 6, 2023, identifies Plaintiff and Tina Cheatham as buyers, reflects a $2,000 down payment, and concerns the identified Vehicle. Chrysler Capital lacks knowledge concerning the circumstances and timing of physical delivery and denies any characterization that the transaction was conditional, unfunded, void, or unlawful.

30. Chrysler Capital admits the Contract contains the stated figures, subject to the Contract's exact terms.

31. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

32. Chrysler Capital admits Exhibit 3 purports to state the identified information; it speaks for itself.

33. Chrysler Capital admits Exhibit 4 purports to state the identified information; it speaks for itself.

34. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

35. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

36. Chrysler Capital admits its records will speak for themselves and denies Plaintiff is entitled to discovery except under applicable rules.

37. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

38. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

39. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

40. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

41. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

42. Chrysler Capital admits Exhibit 5 reflects the stated price and names; the document speaks for itself.

43. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

44. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

45. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

46. Chrysler Capital admits the Contract includes the $1,466 charge; otherwise denied.

47. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

48. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

49. Chrysler Capital admits Exhibit 1 contains the quoted wording; the document speaks for itself.

50. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

51. Chrysler Capital admits that Exhibit 1 contains a handwritten entry on the line associated with acceptance but denies that the exhibit establishes execution or acceptance by an authorized Mac Haik representative. Chrysler Capital lacks knowledge or information sufficient to determine who made the entry and denies the remaining legal conclusions.

52. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

53. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies it. Chrysler Capital denies any implication of wrongdoing or liability by Chrysler Capital.

54. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mac Haik's communications and therefore denies them. Chrysler Capital further denies that any alleged dealer communication was made by Chrysler Capital, authorized by Chrysler Capital, attributable to Chrysler Capital, or sufficient to establish a viable claim against Chrysler Capital.

55. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged reliance on statements attributed to Mac Haik and therefore denies those allegations. Chrysler Capital denies that Plaintiff relied on any representation by Chrysler Capital or that any alleged reliance establishes liability by Chrysler Capital.

56. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged delay in acting based on Mac Haik's statements and therefore denies those allegations. Chrysler Capital denies that it caused any delay or prevented Plaintiff from pursuing any right or remedy.

57. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the content, timing, or context of the alleged dealer communications and therefore denies the allegations. Chrysler Capital denies that any such communication was made by or on behalf of Chrysler Capital.

58. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's understanding of the proposed transaction and therefore denies the allegations concerning his subjective belief. Chrysler Capital denies that it made or authorized any representation concerning an unwind or replacement financing.

59. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the alleged promises or assurances by Mac Haik and therefore denies them. Chrysler Capital denies that any alleged promise was made by an authorized representative of Chrysler Capital or created an obligation enforceable against Chrysler Capital.

60. Chrysler Capital lacks knowledge or information sufficient to form a belief as to whether Mac Haik intended or attempted to complete the proposed unwind or replacement transaction and therefore denies the allegations. Chrysler Capital denies any participation in or responsibility for the dealer's alleged conduct.

61. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the alleged conduct or intent of Mac Haik's representatives and therefore denies those allegations. Chrysler Capital denies that the allegations establish fraud, concealment, or other wrongdoing by Chrysler Capital.

62. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged communications with Mac Haik and therefore denies the allegations. Chrysler Capital denies that those alleged communications are attributable to Chrysler Capital or establish a viable claim against it.

63. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged performance, cooperation, or compliance with requests made by Mac Haik and

therefore denies those allegations. Chrysler Capital denies that Plaintiff's alleged conduct created any obligation on Chrysler Capital beyond the executed Contract.

64. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the dealer's alleged requests, representations, or reasons for delay and therefore denies the allegations. Chrysler Capital denies that it directed or controlled the dealer's handling of the proposed unwind.

65. Chrysler Capital lacks knowledge or information sufficient to form a belief as to any statement by Mac Haik concerning a first payment and therefore denies the allegations. Chrysler Capital denies that any such dealer statement modified the Contract or constituted a representation by Chrysler Capital.

66. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's reasons for making any payment and therefore denies the allegations concerning his subjective motivation. Chrysler Capital admits only that payments made under the Contract are governed by the Contract and applicable account records.

67. Chrysler Capital lacks knowledge or information sufficient to form a belief as to whether Plaintiff or any co-signer appeared at the dealership, signed additional paperwork, or completed any requested step and therefore denies those allegations. Chrysler Capital denies that such conduct imposed any duty on Chrysler Capital to unwind or replace the Contract.

68. Chrysler Capital lacks knowledge or information sufficient to form a belief as to any alleged failure by Mac Haik to complete a new transaction and therefore denies the allegations. Chrysler Capital denies that it undertook or breached any obligation concerning replacement financing.

69. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the dealer's alleged explanation for not completing the proposed unwind and therefore denies the allegations. Chrysler Capital denies that any such explanation constitutes an admission or representation by Chrysler Capital.

70. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the alleged dealer communications or Plaintiff's interpretation of them and therefore denies the allegations. Chrysler Capital denies that the allegations establish any promise, concealment, or actionable conduct by Chrysler Capital.

71. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged understanding of the status of the original or proposed replacement transaction and therefore denies the allegations. Chrysler Capital denies that Plaintiff's subjective understanding altered the written Contract or created liability by Chrysler Capital.

72. Chrysler Capital lacks knowledge or information sufficient to form a belief as to whether the dealer possessed or withheld documents from Plaintiff and therefore denies the allegations. Chrysler Capital denies that it concealed dealer records or prevented Plaintiff from obtaining information.

73. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the timing or substance of Plaintiff's discovery of facts concerning Mac Haik and therefore denies the allegations. Chrysler Capital denies that it fraudulently concealed any cause of action or prevented timely investigation.

74. To the extent Paragraph 74 characterizes the significance of documents or communications, those materials speak for themselves and the characterization is denied.

Chrysler Capital denies that the alleged facts establish delayed accrual, equitable tolling, or fraudulent concealment as to Chrysler Capital.

75. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's diligence or the date on which he understood the alleged legal significance of the transaction documents and therefore denies those allegations. Chrysler Capital denies that Plaintiff has pleaded facts sufficient to postpone accrual of any claim against Chrysler Capital.

76. Chrysler Capital admits that Plaintiff seeks discovery concerning Chrysler Capital's underwriting, funding, communications, and account records. Chrysler Capital denies that discovery may substitute for presently pleaded facts establishing an actionable claim against Chrysler Capital.

77. Chrysler Capital admits that Plaintiff seeks information concerning the timing and terms of Chrysler Capital's credit decision and funding. Chrysler Capital's records speak for themselves. Chrysler Capital denies that the amended complaint presently alleges facts showing an unlawful approval, funding decision, or concealment by Chrysler Capital.

78. Chrysler Capital admits that Plaintiff seeks discovery of communications between Chrysler Capital and Mac Haik. Chrysler Capital denies that the existence of unidentified communications may be presumed and denies that the request establishes participation in the dealer's alleged statements or proposed unwind.

79. Chrysler Capital admits that Plaintiff seeks discovery concerning whether alternative credit submissions or proposed replacement financing were considered. Chrysler Capital denies that it owed Plaintiff a duty to approve different financing or that the pleading identifies actionable conduct by Chrysler Capital.

80. Chrysler Capital admits that Plaintiff seeks discovery concerning the funding chronology and Chrysler Capital's internal records. Chrysler Capital denies that the requested discovery establishes that the Contract was unfunded, invalid, or unenforceable.

81. Chrysler Capital admits that Plaintiff seeks discovery to determine whether Chrysler Capital had knowledge of or involvement in the dealer's proposed unwind. Chrysler Capital denies that the amended complaint alleges facts establishing such knowledge or involvement.

82. Chrysler Capital admits that Plaintiff seeks discovery concerning whether Chrysler Capital approved, rejected, or conditioned any later credit submission. Chrysler Capital denies that the pleading identifies a representation, duty, or legal violation by Chrysler Capital arising from any such decision.

83. Chrysler Capital admits that Plaintiff seeks discovery concerning communications, account notes, and underwriting materials. Chrysler Capital denies that a request for such records supplies the factual basis required to plead wrongdoing or liability.

84. Chrysler Capital admits that Plaintiff seeks discovery concerning the relationship and communications between Chrysler Capital and Mac Haik. Chrysler Capital denies that the amended complaint alleges facts supporting agency, joint conduct, control, or any other basis for attributing the dealer's conduct to Chrysler Capital.

85. Chrysler Capital admits that Plaintiff seeks discovery concerning the handling of the service contract and any cancellation or refund. Chrysler Capital denies that the pleading identifies a request made to Chrysler Capital, an obligation breached by Chrysler Capital, or an amount improperly retained by Chrysler Capital.

86. Chrysler Capital admits that Plaintiff seeks discovery concerning payments, credits, balances, and account calculations. Chrysler Capital's account records speak for themselves.

Chrysler Capital denies that the amended complaint identifies a specific mathematical error or unenforceable charge in Chrysler Capital's proof of claim.

87. Chrysler Capital admits that Plaintiff seeks discovery concerning the status and value of the Vehicle. Chrysler Capital denies that an unidentified valuation issue establishes that the underlying claim or lien is invalid or unenforceable.

88. Chrysler Capital admits that Plaintiff seeks discovery concerning title and lien records. The governing records speak for themselves. Chrysler Capital denies that the amended complaint alleges a defect in attachment, perfection, assignment, validity, or extent of Chrysler Capital's lien.

89. Chrysler Capital admits that Plaintiff seeks an accounting and information concerning the proof of claim. Chrysler Capital denies that a general request for an accounting states a basis for disallowance absent identification of a disputed charge, payment, credit, or legal defect.

90. Chrysler Capital admits that Plaintiff seeks discovery to determine whether additional claims may exist. Chrysler Capital denies that Rule 8 permits discovery to be used to search for an unpleaded cause of action against Chrysler Capital.

91. Chrysler Capital lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged damages, losses, or reasons for incurring them and therefore denies those allegations. Chrysler Capital denies that any recoverable damage was caused by Chrysler Capital or by a viable underlying seller claim assertable against it.

92. To the extent Paragraph 92 characterizes the legal effect of the alleged dealer conduct, the Contract, or the Holder Rule, those are legal conclusions to which no response is

required. Chrysler Capital denies Plaintiff is entitled to impose derivative liability or obtain the requested relief on the facts pleaded.

93. To the extent Paragraph 93 requests relief or states conclusions concerning liability, causation, damages, or available remedies, no response is required. Chrysler Capital denies that Plaintiff has pleaded a viable basis for relief against Chrysler Capital.

94. Paragraph 94 states legal conclusions and requests relief. No response is required. To the extent a response is deemed required, Chrysler Capital denies that Plaintiff has pleaded each element of a viable underlying seller claim that may be asserted against Chrysler Capital and denies that Plaintiff is entitled to the requested relief.

95. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

96. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

97. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

98. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

99. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

100. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

101. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

102. Denied. To the extent the paragraph states legal conclusions or requests relief, no response is required; Chrysler Capital denies Plaintiff is entitled to relief against it or to derivative relief absent a viable underlying claim.

103. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

104. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

105. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

106. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

107. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

108. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

109. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

110. Denied. Chrysler Capital lacks knowledge concerning alleged acts or intent of Mac Haik and denies that Plaintiff has pleaded a timely and actionable DTPA claim assertable against Chrysler Capital.

111. Denied. Chrysler Capital was not a party to, signatory to, or promisor under the alleged DEAL UNWIND and denies the document or alleged communications create any obligation enforceable against Chrysler Capital.

112. Denied. Chrysler Capital was not a party to, signatory to, or promisor under the alleged DEAL UNWIND and denies the document or alleged communications create any obligation enforceable against Chrysler Capital.

113. Denied. Chrysler Capital was not a party to, signatory to, or promisor under the alleged DEAL UNWIND and denies the document or alleged communications create any obligation enforceable against Chrysler Capital.

114. Denied. Chrysler Capital was not a party to, signatory to, or promisor under the alleged DEAL UNWIND and denies the document or alleged communications create any obligation enforceable against Chrysler Capital.

115. Denied. Chrysler Capital was not a party to, signatory to, or promisor under the alleged DEAL UNWIND and denies the document or alleged communications create any obligation enforceable against Chrysler Capital.

116. Denied. Chrysler Capital was not a party to, signatory to, or promisor under the alleged DEAL UNWIND and denies the document or alleged communications create any obligation enforceable against Chrysler Capital.

117. Denied. Chrysler Capital admits Exhibit 5 speaks for itself but denies Plaintiff has pleaded standing or facts establishing that any portion of Chrysler Capital's claim is unenforceable against Plaintiff.

118. Denied. Chrysler Capital admits Exhibit 5 speaks for itself but denies Plaintiff has pleaded standing or facts establishing that any portion of Chrysler Capital's claim is unenforceable against Plaintiff.

119. Denied. Chrysler Capital admits Exhibit 5 speaks for itself but denies Plaintiff has pleaded standing or facts establishing that any portion of Chrysler Capital's claim is unenforceable against Plaintiff.

120. Denied. Chrysler Capital admits Exhibit 5 speaks for itself but denies Plaintiff has pleaded standing or facts establishing that any portion of Chrysler Capital's claim is unenforceable against Plaintiff.

121. Denied. Chrysler Capital admits Exhibit 5 speaks for itself but denies Plaintiff has pleaded standing or facts establishing that any portion of Chrysler Capital's claim is unenforceable against Plaintiff.

122. Chrysler Capital admits the Contract contains the Holder Rule notice and that qualifying seller claims and defenses may be asserted subject to a viable underlying claim and all substantive and remedial limitations. Chrysler Capital denies the Rule creates an independent cause of action or establishes liability or relief.

123. Chrysler Capital admits the Contract contains the Holder Rule notice and that qualifying seller claims and defenses may be asserted subject to a viable underlying claim and all substantive and remedial limitations. Chrysler Capital denies the Rule creates an independent cause of action or establishes liability or relief.

124. Chrysler Capital admits the Contract contains the Holder Rule notice and that qualifying seller claims and defenses may be asserted subject to a viable underlying claim and all substantive and remedial limitations. Chrysler Capital denies the Rule creates an independent cause of action or establishes liability or relief.

125. Chrysler Capital admits the Contract contains the Holder Rule notice and that qualifying seller claims and defenses may be asserted subject to a viable underlying claim and all substantive and remedial limitations. Chrysler Capital denies the Rule creates an independent cause of action or establishes liability or relief.

126. Chrysler Capital admits the Contract contains the Holder Rule notice and that qualifying seller claims and defenses may be asserted subject to a viable underlying claim and all substantive and remedial limitations. Chrysler Capital denies the Rule creates an independent cause of action or establishes liability or relief.

127. Chrysler Capital admits the Contract contains the Holder Rule notice and that qualifying seller claims and defenses may be asserted subject to a viable underlying claim and all substantive and remedial limitations. Chrysler Capital denies the Rule creates an independent cause of action or establishes liability or relief.

128. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

129. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

130. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

131. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

132. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

133. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

134. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

135. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

136. Paragraph states legal conclusions and requests relief. Chrysler Capital admits it filed a proof of claim and denies the claim or lien is invalid, unenforceable, incorrectly calculated, or subject to reduction on the facts pleaded.

137. Denied. Chrysler Capital denies Plaintiff has pleaded facts establishing timeliness, delayed discovery, statutory extension, recoupment, setoff, or any other avoidance of applicable limitations defenses.

138. Denied. Plaintiff's affirmative claims remain subject to applicable limitations periods. Chrysler Capital further denies that Plaintiff has pleaded a viable basis for recoupment, setoff, or defensive reduction of Chrysler Capital's proof of claim. The First Amended Complaint identifies no specific amount, charge, credit, or legal defect that would support relief in the claim-allowance process.

139. Denied. Chrysler Capital denies Plaintiff has pleaded facts establishing timeliness, delayed discovery, statutory extension, recoupment, setoff, or any other avoidance of applicable limitations defenses.

140. Denied. Chrysler Capital denies Plaintiff has pleaded facts establishing timeliness, delayed discovery, statutory extension, recoupment, setoff, or any other avoidance of applicable limitations defenses.

141. Denied. Chrysler Capital denies Plaintiff has pleaded facts establishing timeliness, delayed discovery, statutory extension, recoupment, setoff, or any other avoidance of applicable limitations defenses.

142. Denied. Chrysler Capital denies Plaintiff has pleaded facts establishing timeliness, delayed discovery, statutory extension, recoupment, setoff, or any other avoidance of applicable limitations defenses.

143. Denied. Chrysler Capital denies Plaintiff suffered recoverable damages caused by Chrysler Capital or is entitled to the requested monetary or equitable relief.

144. Denied. Chrysler Capital denies Plaintiff suffered recoverable damages caused by Chrysler Capital or is entitled to the requested monetary or equitable relief.

145. Denied. Chrysler Capital denies Plaintiff suffered recoverable damages caused by Chrysler Capital or is entitled to the requested monetary or equitable relief.

146. Denied. Chrysler Capital denies Plaintiff suffered recoverable damages caused by Chrysler Capital or is entitled to the requested monetary or equitable relief.

147. Denied. Chrysler Capital denies Plaintiff suffered recoverable damages caused by Chrysler Capital or is entitled to the requested monetary or equitable relief.

148. Denied. Chrysler Capital denies Plaintiff suffered recoverable damages caused by Chrysler Capital or is entitled to the requested monetary or equitable relief.

149. Paragraph concerns discovery or preservation and does not require a substantive response. Chrysler Capital will comply with applicable rules and lawful preservation obligations and denies Plaintiff is entitled to discovery beyond those rules.

150. Paragraph concerns discovery or preservation and does not require a substantive response. Chrysler Capital will comply with applicable rules and lawful preservation obligations and denies Plaintiff is entitled to discovery beyond those rules.

151. Paragraph concerns discovery or preservation and does not require a substantive response. Chrysler Capital will comply with applicable rules and lawful preservation obligations and denies Plaintiff is entitled to discovery beyond those rules.

152. Paragraph concerns discovery or preservation and does not require a substantive response. Chrysler Capital will comply with applicable rules and lawful preservation obligations and denies Plaintiff is entitled to discovery beyond those rules.

153. Paragraph concerns discovery or preservation and does not require a substantive response. Chrysler Capital will comply with applicable rules and lawful preservation obligations and denies Plaintiff is entitled to discovery beyond those rules.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not pleaded facts sufficient to establish the elements of any claim asserted against Chrysler Capital, including any derivative claim based on seller conduct.

### SECOND AFFIRMATIVE DEFENSE

Fraud and any derivative fraud theory are not pleaded with particularity as required by Rule 9(b).

### THIRD AFFIRMATIVE DEFENSE

The FTC Holder Rule does not create an independent cause of action and applies only to otherwise viable seller claims and defenses.

**FOURTH AFFIRMATIVE DEFENSE**

Any affirmative monetary recovery against Chrysler Capital under the Holder Rule is capped at amounts paid under the Contract. The availability of rescission, lien-related relief, statutory multiples, fees, or other remedies depends on the underlying substantive law and is not independently created by the Holder Rule.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's DTPA theory is barred by the two-year limitations period in Tex. Bus. & Com. Code § 17.565.

**SIXTH AFFIRMATIVE DEFENSE**

Chrysler Capital affirmatively pleads in abatement under Tex. Bus. & Com. Code § 17.505(c). Chrysler Capital did not receive the written notice required by § 17.505(a) before Plaintiff commenced this action, and the First Amended Complaint does not allege that the exception in § 17.505(b) applies. Chrysler Capital therefore requests abatement of Plaintiff's affirmative DTPA claim until the sixtieth day after Plaintiff serves notice complying with § 17.505(a).

**SEVENTH AFFIRMATIVE DEFENSE**

Chrysler Capital was not a party to, signatory to, or promisor under the proposed DEAL UNWIND.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to litigate personal rights belonging solely to nonparty Tina Cheatham.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has not pleaded causation or recoverable damages attributable to Chrysler Capital or a viable seller claim.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has not identified any defect in attachment, perfection, assignment, validity, or extent of Chrysler Capital's lien.

**ELEVENTH AFFIRMATIVE DEFENSE**

Chrysler Capital's proof of claim is entitled to prima facie evidentiary effect only to the extent it was executed and filed in accordance with the Bankruptcy Rules. Chrysler Capital denies that Plaintiff has alleged evidence sufficient to rebut that effect or a specific legal or mathematical basis for disallowance.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited by waiver, estoppel, ratification, acceptance of benefits, setoff, recoupment limitations, and failure to mitigate, to the extent supported by the evidence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has not pleaded a viable basis for recoupment, setoff, or defensive reduction of Chrysler Capital's proof of claim. Any such theory would require identification of a specific amount, charge, credit, or legal defect arising from the same transaction and would be limited to reduction of the allowed claim to the extent permitted by applicable law. Recoupment would not support affirmative recovery, lien invalidation, title transfer, treble damages, attorney's fees, or other relief absent a viable underlying substantive claim and an independent legal basis for that remedy.

**RESERVATION OF RIGHTS**

Chrysler Capital reserves the right to seek leave to amend its defenses as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and any scheduling order entered in this proceeding.

WHEREFORE, Chrysler Capital respectfully requests that the Court dismiss with prejudice the First Amended Complaint in its entirety as against Chrysler Capital, deny further leave to amend as futile, award Chrysler Capital its fees and costs only to the extent authorized by applicable law, and grant such other and further relief as the Court deems just.

Dated: October 1st, 2026

WOMBLE BOND DICKINSON (US) LLP
/s/ Armando Nozzolillo
Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
*Attorneys for Santander Consumer USA Inc. d/b/a Chrysler Capital*

**CERTIFICATE OF SERVICE**

I certify that on October 1st , 2026, I served a true and correct copy of the foregoing through CM/ECF on all registered users entitled to electronic notice and by United States Mail, first-class postage prepaid, on each nonregistered party required to be served, including Plaintiff, pro se, and any defendant or party not otherwise served through CM/ECF.

Matthew Allen Sargeant, Sr.
4101 Fairview Vista Point #327
Orlando, Florida 32804
Plaintiff, Pro Se

/s/ Armando Nozzolillo
Armando Nozzolillo